### Jotham L. Sprague *versus* James Graham.

Though a conveyance of land by A be fraudulent and therefore void as to his creditors, and notes be taken therefor, secured by a mortgage of the same land, the assignee of the mortgagor is entitled to redeem, as against any holder of the mortgage not claiming as a creditor of A, or standing in a relation which would entitle him to such an objection as a creditor might make.

In such a case, (except as to creditors or parties having the rights of creditors of A,) the notes and mortgage are valid in the hands of one to whom they have been indorsed and assigned without knowledge of the fraud.

But if he took the notes when overdue, they are subject to equities to the same extent as if not secured by mortgage.

Shepley, C. J. — The plaintiff by his bill seeks to obtain a decree for the redemption of a farm from the incumbrance of certain mortgages. He is the grantee of Levi A. James, by a deed executed on April 16, 1846. There is testimony tending to prove, that this conveyance was fraudulent as against the creditors of the vendor. It is not necessary to enter upon that inquiry, for such a purchaser would be entitled to redeem of one, who does not appear to be a creditor or to be in a condition to make such an objection to the plaintiff's right to redeem.

Thomas James appears to have been the owner of the farm, and to have conveyed it on December 7, 1839 to Charles Brockway, who at the same time re-conveyed it in mortgage to secure the payment of part of the purchase money.

Brockway on July 11, 1842, conveyed his equity to Joseph McConaghy, who at the same time re-conveyed it in mortgage to secure the purchase money.

McConaghy on May 15, 1843, conveyed to Levi A. James, who at the same time re-conveyed in mortgage to secure part of the purchase money.

Brockway, having retained the mortgage and notes made by McConaghy to himself, on August 21, 1845, assigned them to the defendant in part payment for a dwellinghouse owned by the defendant, and conveyed by him, at the request of Brockway, to James Murphy.

The defendant by virtue of that mortgage, and to foreclose the same, entered into possession of the farm in the month of July, 1846, and claims to hold it for that purpose, and also to obtain payment of one of the notes made by Levi A. James to McConaghy, which was indorsed to him in part payment for the dwellinghouse.

The bill in substance alleges, that McConaghy held the title to the farm only for the benefit of Brockway; that the mortgage and notes, which he made to Brockway, were merely colourable, that Brockway made the bargain with Levi A. James to sell the farm to him, and assured him that he would obtain a good title from McConaghy, and that McConaghy made his conveyance in performance of that bargain; that the defendant knew all these facts, when he took an assignment of the mortgage. The bill, as presented by the abstract furnished, does not contain any offer to pay such sum as may be found to be equitably due, as is required by the statute, c. 125, § 16, to enable the plaintiff to maintain his bill without a tender. This objection is not taken by the counsel for the defendant, and if there be no such offer made in the bill, it may be amendable.

The answer distinctly denies all knowledge of any improper

proceedings between any of the parties.   The testimony does not disprove the truth of the allegations contained in the answer; or show that the defendant does not stand in the position of an innocent purchaser for a valuable consideration without notice of any fraud.

Levi A. James appears to have been induced to believe, either that there was no mortgage existing, made by McConaghy to Brockway, or none that could injure his title derived from McConaghy.   But if he reposed confidence in the declarations of others, and omitted to have the records examined, where that mortgage had been recorded, and no relief should be obtained by the application of legal principles to the facts proved, there will be no cause for just complaint.

If the transactions between Brockway and McConaghy were fraudulent with respect to creditors, they appear to have been valid between themselves.   The plaintiff does not present himself in any such relation to them as to be enabled to impeach those conveyances.   McConaghy conveyed to Levi A. James with covenants of warranty, and the benefit of those covenants running with the land passed by a release deed to the plaintiff.   But he has paid nothing to relieve the estate from any existing incumbrance and cannot now present himself as a creditor of McConaghy, much less as a creditor of Brockway.   It is not therefore necessary to inquire or to decide, whether those transactions were or were not fraudulent as against creditors.

The plaintiff appears to have acquired the rights, which McConaghy would have had at that time to be relieved or rather to have the estate relieved from the mortgage made by him to Brockway.   And the defendant appears to have acquired the right which Brockway would have had to insist upon an enforcement of that mortgage against the estate.

It is contended, that the defendant as an innocent purchaser without any knowledge of fraud would have rights superior to those of his assignor.   But he took an assignment of the mortgage and notes long after the notes were all overdue. And in such case he can have no right to insist upon their

payment, if Brockway could not have enforced the payment of them at the time when he transferred them to the defendant. The defendant must take them subject to all the rights and equities then existing between the parties to them. The fact that they were secured by a mortgage can make no difference. *Wallwyn* v. *Mathews,* 4 Ves. 118; *Glidden* v. *Hunt,* 24 Pick. 226.

The plaintiff can obtain relief from the incumbrance of that mortgage only by proving, that the notes secured by it were in fact paid by McConaghy to Brockway before they were indorsed to the defendant, or that Brockway held them at that time in such manner that he could not legally enforce the collection of them against McConaghy.

The testimony does not appear to have been taken so exclusively with reference to this matter as it might have been, had it been already settled that the rights of the parties must be thus determined. If the plaintiff be entitled to redeem by the payment of those notes or without the payment of them, the amount expended in repairs and improvements and the amount of the rents and profits must be ascertained.

It is therefore ordered, that ———— ———— be appointed master to take, if needed, additional testimony and to ascertain the amount due to the defendant and secured by mortgages upon the farm, considering the plaintiff to have acquired the rights of McConaghy, and the defendant to have acquired the rights of Brockway, so far as it respects the mortgage and notes made by the former to the latter existing at the time of their assignment to the defendant. And also to ascertain the amount of the rents and profits and money expended in repairs and improvements.

*Joseph Granger,* for plaintiff.

*T. J. D. Fuller,* for defendant.