ARTEMAS WHITNEY *vs.* ALPHEUS HEYWOOD.

If the mortgagor of personal property, after the mortgage has been duly re-corded, removes into another town, it is not necessary that the mortgage should be a second time recorded, in the town to which the mortgagor removes.

The parties to a mortgage of personal property, having executed an agreement indorsed thereon, that if the mortgagor should sell any of the property, the mortgagee should discharge all claim on the same, upon the receipt of the money therefor; it was held, that this agreement was conditional, and gave no authority to the mortgagor to divest the mortgagee's interest in the property by a sale, but upon a performance of the condition by paying the purchase-money to him.

The vendor of personal property in possession is not a competent witness for the vendee, in an action against him, in which the title to the property is in contro-versy.

In order that a deposition may be excluded, on the ground of the interest of the deponent in the event of the suit, it is not necessary that the objection should have been taken before the magistrate.

THIS was an action of trover for an omnibus, tried before *Mellen*, J., in the court of common pleas, and brought to this court by exceptions.

It appeared, that the plaintiff, on the 27th of April, 1846, being the owner of sundry horses, carriages of various kinds, among which was the omnibus in question, harnesses and other property, in his stable at Fitchburg, sold the same to one Silas Burgess, by a bill of sale duly executed. Burgess, on the same day, mortgaged the same property back to Hey-wood, to secure the payment of $1000 of the purchase-money, payable by instalments of $200 each, every six months, until paid. The mortgage was duly recorded in Fitchburg, where Burgess then resided. By a clause inserted in the mortgage it was agreed, that the mortgagor, his executors, administra-tors, and assigns, should remain in possession of the property until condition broken. An agreement, signed by both par-ties, was indorsed on the mortgage, to the effect, that if Whit-ney should at any time become dissatisfied with the security of the mortgage, Burgess would execute and deliver to him a mortgage of all the property which he might then have on hand; and that if Burgess should sell any of the property, Whitney should discharge all claim upon the same, upon the receipt of the money therefor; or in case of an exchange by

Burgess, Whitney should discharge his claim on the same, upon the said Burgess's securing to him the money or property so taken in exchange.

It was in evidence, that Burgess, in the summer of 1846, after the mortgage to Heywood, sold the omnibus to one Chase, and received in exchange therefor a pair of horses, which were delivered into Burgess's stable; that afterwards Burgess left Fitchburg, and went to reside in another town, where the mortgage was not recorded; that Chase sold the omnibus to one Kingsley, of whom the defendant bought it in July, 1847; and that on the day of the purchase of his writ, the plaintiff demanded the omnibus of the defendant, who refused to deliver the same, saying that he had bought it.

The defendant denied, that at the time of the demand and refusal, he then was, or ever had been, the owner of the omnibus; and he offered evidence, among which was the deposition of Kingsley, to prove that the sale by Kingsley was to his son and not to himself. The deposition was objected to on the ground, that Kingsley, as the vendor of the property, was interested in the event of the suit, and was rejected accordingly by the presiding judge. It did not appear that this objection was taken before the magistrate.

The defendant contended, that the transfer of the omnibus by Burgess to Chase, in exchange for a horse, as above stated, was within the power conferred upon him by the agreement indorsed upon the mortgage, and that a good title passed thereby to Chase. But the presiding judge instructed the jury, that this evidence alone would not sustain the position, that the property passed to Chase discharged of the mortgage.

The defendant also contended, that as against Kingsley or his vendee, who were innocent purchasers without notice, the mortgage of the plaintiff ought not to avail, because it was not on record in the town where Burgess then had his home or place of business. The presiding judge held, that the record in Fitchburg was sufficient, and overruled the objection.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*E. Washburn,* for the defendant.

*N. Wood,* for the plaintiff.

DEWEY, J.　This court has recently decided,[*] that upon the removal of the mortgagor of personal property, after the mortgage has been once duly recorded, no additional or further record is required by reason of such removal.

2. As to the question of an authority vested in the mortgagee, to sell the mortgaged property, and to pass a good title to the purchaser, it is to be observed, that the vendee of personal property, when he sets up title in himself by purchase, in defence, necessarily assumes the burden of establishing a title or authority to sell in his vendor.　It is not enough to show, that the party with whom he dealt had the actual possession of the property.　Such vendor may be a trustee, intrusted with the property by the owner, with authority to use the same for a temporary purpose.　In the present case, the plaintiff shows his title to the property by a duly recorded mortgage of the same from a party conceded to be the owner. Such mortgage vests the title in the plaintiff, and divests the mortgagor of all power to sell, without the assent of the mortgagee.

If this point was to be settled upon the effect resulting from the mortgage itself, the defendant must fail in the attempt to establish a title in his vendor, or any authority remaining in him to sell the property.　The defendant, however, relies upon a further stipulation, indorsed upon the mortgage, in relation to sales and exchanges of the property, and authorizing the mortgagor to make such sales and exchanges upon certain conditions therein stated.　It does not appear, whether this was recorded with the mortgage, nor is it material.　If recorded as a part of the mortgage, then it is to be taken with all its limitations and conditions.　If not so recorded, then the record exhibits a naked mortgage, which divested the mortgagor of all authority to sell the property, as against the mortgagee, leaving in the mortgagor only an equity of redemption.

---

[*] *Brigham* v. *Weaver,* in Middlesex, *post,* 298.

We are thus brought to the consideration of the effect of this additional agreement appended to the mortgage. Was it an authority to sell generally, or was it merely a conditional authority, the condition of which was to be fully performed, before the title of the mortgagee would be divested ? In our opinion, it was the latter, and gave no authority to the mortgagor, to divest the interest of the mortgagee, but upon the performance of the conditions stated in the writing. This clearly results from the terms of the agreement, and would obviously be true as between the mortgagor and mortgagee ; and we think the same principle must apply to one claiming as a purchaser under the mortgagor. Such purchaser, if he had knowledge of this agreement, knew all its qualifications and conditions precedent, and was therefore properly bound by them. If he had no such knowledge of the existence of this stipulation, then he bought the property while under a mortgage to the plaintiff duly recorded, and of course is to be taken to have known that his vendor had no right to sell.

3. The remaining question is one of more difficulty, and upon which there has not been entire uniformity in the reported cases. The defendant having offered one Kingsley as a witness, the plaintiff objected to his competency, upon the ground, that he was the vendor of this property to the defendant, and the witness was thereupon rejected as incompetent. Was this rejection erroneous ? In considering the question as to the competency or incompetency of this witness, we shall assume that he was the vendor of the property. There was evidence, from which the court below was well authorized to find that fact, and it was a matter properly to be passed upon by the presiding judge, and is now to be treated as sufficiently established. But the farther inquiry is, does the fact, that the witness was the vendor of the property, the title to which is the subject in controversy, render him incompetent, he having no release from the vendee ? The rule we take to be well settled, that the witness must be directly interested in the event of the suit, and not merely interested in the question. The true test of the interest of the witness, as stated by Green-leaf, in his treatise on evidence, (1 Greenl. Ev. § 390,) is

" that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action."

Had the witness that relation to this case? A warrantor of title is incompetent as a witness, to support such title, without a release. ` Is this vendor such warrantor? It is not necessary, that the warranty should be express; it may be implied. The vendor of goods in possession, and selling them as his own, is liable to his vendee upon the implied warranty of title. The principle is usually stated under this limitation of a vendor in possession, and I take it, properly so. But possession here must be taken in its broadest sense, and as including possession by a bailee of the vendor. The excepted cases must be substantially cases of sales of the mere naked interest of persons having no possession, actual or constructive; and in such cases no warranty of title is implied. The present case discloses no facts tending to bring it within this exception. So far as disclosed, it is the ordinary case of a sale of property.

If the defendant intended to place his case upon that ground, as he takes his exceptions to the ruling excluding the witness, it should clearly appear that the vendor was not in possession, and that there was no evidence to authorize the presiding judge to find, that the witness was a warrantor of the title. We think he must now be taken to have sold the property with warranty, and standing in this relation to the case, he was not competent as a witness, inasmuch as a verdict against the defendant would be evidence against him, as to the damages sustained by the failure of title warranted. If proper notice had been given to the witness, and an opportunity afforded him to take upon himself the defence of this action, the witness would be farther bound by the verdict as to the question of title. But without such notice, he would be interested in the question of damages recovered.

Upon the argument of the case, it was also objected, that this question of the competency was waived, by not taking the objection before the magistrate, who took the deposition of Kingsley. This position is, we think, wholly untenable.

It was not necessary that the objection should be thus taken. If the witness was interested, the party taking the deposition should see that the interest is discharged by a proper release, before taking the deposition.

*Exceptions overruled.*