## CHARLES D. COBB v. PHILIP A. DOYLE.

The 78th chapter of the Revised Statutes, prohibiting the manufacture and sale, for consumption within this State, of certain liquors, so far from declaring void contracts founded upon the illegal sale of liquors, enacts, that payments and compensations made upon such contracts shall be deemed to be without consideration only between the original parties; and hence it appears, that the legislature did not intend to impair the settled rights of a *bona fide* holder of negotiable paper, although the same had been given upon the sale of liquor in violation of law.

Such paper, endorsed over as collateral security for a preëxisting debt, if received by the creditor before its maturity, and without notice of its illegal consideration, is endorsed for value in the usual course of business; and may be held by the creditor free from the defence of illegality, which was open between the original parties to the paper.

ASSUMPSIT against the defendant as the maker of two promissory notes,—one for $158.91, dated Boston, November 21st, 1860; the other, for $195.19, dated Boston, January 10th, 1861,—each payable six months after date to the order of the defendant, and by him endorsed to one George E. Craig, and by Craig endorsed to the plaintiff.

The action was originally brought in the Court of Common Pleas of this county. At the December term, 1862, of that court, the defendant submitted to judgment, and took an appeal to this court. At the trial of the case, before Ames, C. J., with a jury, at the September term of this court, 1863, the defendant offered evidence, under the general issue, to show that the notes in question were given to said Craig for domestic liquors purchased of him by the defendant, not for the purpose of exportation, but to be sold by the defendant at retail, in violation of Ch. 78 of the Revised Statutes.

The plaintiff then offered evidence to show that he received the notes in question of Craig, in connection with another note of S. Sawyers, before their maturity and without notice of their consideration, as collateral security for the payment of a note due to the plaintiff from William French & Co., which last named note was then outstanding and unpaid.

The defendant thereupon requested the court to instruct the jury, that although the plaintiff received the notes in suit before

their maturity and without notice of their consideration, if he received them as collateral security for French & Co.'s note, and then paid no value and gave up no available right for them, they were open to the same defence in the hands of the plaintiff, as if they still remained in the hands of Craig.

The court, however, refused to charge the jury as requested by the defendant, and did charge the jury, that, notwithstanding they believed that the notes sued upon were given for liquors sold in violation of the statute, as claimed by the defendant, that if they also believed that such notes were received, without knowledge or notice of their original consideration, as collateral security, as claimed by the plaintiff, they should find a verdict for the plaintiff.

Under this instruction, the jury having rendered a verdict for the plaintiff for the sum of $391.45, the amount of the notes and interest, the defendant now moved for a new trial, for misdirection in matter of law.

*B. N. & S. S. Lapham, for the defendant :—*

Where a note is received as collateral security, and no value is paid for it, nor any valuable security or available right is given up for it, the same defences may be made by the maker as though it still remained in the hands of the party to whom it was originally given. Edwards on Bills, 56, 57 ; *Coddington* v. *Bay*, 20 Johnson, 637 ; *Stalker* v. *McDonald*, 6 Hill, 93 ; 3 Kent's Com. (10th ed.), 81, 103–5, and notes ; *Wormly* v. *Lowry*, 1 Humphrey, (Tenn. R.) 470 ; *Colvin* v. *Barb*, 4 Barb. (S. C. R.) 304 ; *Prentice* v. *Zane*, 2 Gratt's R. 262 ; *Bramhall* v. *Beckett*, 31 Maine R. 205 ; *Bertrand* v. *Barkman*, 13 Arkansas, 150 ; *Roxborough* v. *Merrick*, 6 Ohio (N. S.) 448.

*Thurston & Ripley, for the plaintiff :—*

This case arises upon exceptions taken to the ruling of the presiding Judge. The plaintiff says, that the defendant ought not to have a new trial, because, " A promissory note endorsed over as collateral security for a preëxisting debt, if received by the creditor before the maturity of the collateral note and without notice, is endorsed for value in the usual course of business, and may be held by the creditor discharged of the equities between the original parties." *Bank of Republic* v. *Carrington*

*et al.* 5 R. I. Rep. 515. To the same point is *Payne* v. *Bensley*, 8 California, 260: " Where a negotiable promissory note, not yet due, is taken *bona fide*, as collateral security for a preëxisting debt, it is not subject to any defence existing at the date of the assignment between the original parties." See, also, *Atkinson* v. *Brooks*, 26 Verm. 569 ; *Allaire* v. *Hartshorne*, 1 Zabrisk. (N. J.), 665 ; *Williams, executrix,* v. *Smith et al.* 3 Hill, 301 ; *Swift* v. *Tyson*, 16 Peters' (U. S. C.) R. 1; *Chicopee Bank* v. *Chapin*, 8 Metc. 40 ; *Carlisle* v. *Wishart*, 11 Ohio, 172 ; *Riley et al* v. *Anderson*, 2 McL. 589 ; *Gibson et al.* v. *Corner*, 3 Kelley, 47 ; 3 Kent's Com. (marg.) 81, n. 2 ; Story on Promissory Notes, 195 ; *Taylor* v. *Page*, 6 Allen, 86. "It can make no difference in law, whether the debt, for which a bill of exchange is taken, is a preëxisting debt, or money then paid for the bill." *Townsley* v. *Sumrall*, 2 Peters' (U. S. C.) R. 170 ; *Reddick* v. *Jones*, 6 Ired. (N. C.) 107 ; *Bostwick* v. *Dodge*, 1 Douglass, (Mich.) 413 ; *Williams* v. *Little*, 11 N. H. 66 ; *Brush et al.* v. *Scribner*, 11 Conn. 388. A *bona fide* holder for value is entitled to recover upon any negotiable instrument which he has received before it has become due, notwithstanding any defect or infirmity in the title of the person from whom he derived it, or that it is founded on an illegal consideration. Story on Bills of Exchange, §§ 188, 189 ; Chitty on Bills, (marg.) 96.

BULLOCK, J. This case raises two questions,—are the notes sued upon *void*, as given in violation of law ? If not so void, having been transferred to the plaintiff as collateral security for a preëxisting debt, before maturity and without notice, are they in his hands discharged of the equities existing between the original parties to the promises ?

In general, all promises and agreements made in violation of the common law, or of any statute, may be avoided as between the original parties to such agreements ; and when the illegality is shown, courts will not enforce such contracts or permit such parties to derive any benefit therefrom ; and when a penalty is attached by law to the doing of any particular act, this is deemed in itself a prohibition of the act and to make the act illegal. But the rule does not go so far as to make every illegal act void. A promise founded upon an *illegal* consideration is *void* in its

inception and *essence*, so that no rights or liabilities can spring out of it, only when it is declared to be thus *void*, by the express terms of the prohibitory enactment. The 78th chapter of the Revised Statutes prohibits the manufacture and sale, for consumption within this State, of certain liquors named in section 1, except in the mode and through the agencies therein appointed; and visits a penalty upon the offender. The same statute (§ 46) enacts that no action shall be maintained for the value of any liquor sold in violation thereof. But so far from declaring void, contracts made upon the illegal sale of liquors, the 44th section enacts, that payments and compensations made upon such contracts shall be deemed to be without consideration only between the original parties. It is evident, therefore, that the legislature, by this statute, did not intend in any manner to impair the settled rights of a *bona fide* holder of negotiable paper, although the same was given upon the sale of liquor in violation of law. The general doctrine is, that *mere* illegality of consideration does not extend to, and affect the rights of, an endorsee for value and without notice. Story on Promissory Notes, § 192 ; *Taylor* v. *Page*, 6 Allen, 86 and cases there cited.

The second ground assigned for a new trial raises the question, how far a negotiable note, endorsed *bona fide* and before its maturity, as collateral security for a preexisting debt, is, in the hands of such *bona fide* endorsee, open to the equities subsisting between the original parties ; in other words, whether such a transfer, in itself, and without more, is a transfer for value, and upon a sufficient legal consideration. This question has been considered and determined by this court in the case of the *Bank of the Republic* v. *Carrington et al.* 5 R. I. Rep. 519, where it was held, that " a promissory note endorsed over as collateral security for a preexisting debt, if received by the creditor before the maturity of the collateral note and without notice, is endorsed for value, in the usual course of business, and may be held by the creditor discharged of the equities between the original parties." In addition to the cases cited in the opinion delivered in that case, is the case of *McCarty* v. *Root*, 21 How. 432, where the court refer to the question as one settled in that tribunal, and the more recent case of *LeBreton et al.* v. *Pierce*, 2 Allen, 14, in which

the principle of the earlier decisions in Massachusetts, upon this point,·is reaffirmed. The rule of decision, however, in this country, has been far from uniform. The courts of·New York hold, that unless the endorsee parts with some new and specific consideration, at the time of receiving the collateral note, it is not in his hands free from the equities. The same rule has been followed in Ohio and Connecticut. Mr. Parsons, in his recent treatise on Notes and Bills, 1–223, seems to regard it no longer an open question in the English courts, and that the holder of collateral paper, taken before it is due, and merely as security for a debt then existing, is entitled to the protection of a *bona fide* holder. In support of the proposition, he cites the cases of *Perceval and others* v.·*Frampton*, 2 Cromp. M. & R. 180, and·*Poirier* v. *Morris*, 2 Ellis & B. 89. The main point involved in the last case was, whether the plaintiffs, Poirier Brothers, a French house, were the holders for value, of a *foreign* bill, drawn by the defendants, Morris *et als.*, and remitted to the plaintiffs by Coates & Co., at the request of the American firm of Hovey, Williams & Co., to discharge an indebtedness due from this firm to the plaintiffs. Coates & Co., who had funds of Hovey, Williams & Co. in their hands, buying the bill in question of the defendants, through a broker, on one post-day, to be paid for, according to the custom of merchants in London, the next post-day, and failing before that day, the defendants did not receive pay for the bill drawn. It was held that ·the plaintiffs, Poirier Brothers, were holders for value, and they recovered.

It is important for the ends of trade and commerce, to restrict as little as possible, the negotiability of commercial paper ; and we have already decided (5 R. I. Rep. 519) that where a person takes a negotiable note, not overdue and without actual or constructive notice of any equities between the original parties, although he takes it as collateral security for a preëxisting debt, he may enforce it against prior parties, unaffected by such equities.

Exceptions overruled, and motion for a new trial denied, with costs.