60 289
19a 24
60 289
100a 4227

GEORGE S. PALMER

*v.*

JOHN A. MARSHALL.

1. PROMISSORY NOTE—*usury.* To a plea that the note sued on grew out of an usurious contract, a replication was filed that the note was executed in the State of California, and that, by the laws of that State, parties might contract for any rate of interest as they might agree—the statute of that State, being read in evidence, so providing: *Held*, that the statute sustained the replication.

2. STATUTE OF LIMITATIONS—*averments—proof.* Where the statute of another State is relied upon as a defense, it must be pleaded and set out at least in substance, and it must be proved on the trial. If not pleaded it is error to permit it to be proved.

19—60TH ILL.

3. PLEA—*limitations.* A plea that the cause of action did not accrue within five years, and the laws of no State are recited, it will be referred to the laws of this State, and when the suit is on a promissory note, such a plea presents an immaterial issue, and should be disregarded. It is error to admit the statutes of limitation of another State under such a plea.

4. ASSIGNMENT *in blank.* An instruction, where the suit is by an assignee of a note, announcing that a note is indorsed in blank when the name of the indorser is simply written on the back of the note, leaving a space over the signature to insert the name of the indorsee or subsequent holder, and that whilst the indorsement remains blank, the note may be passed by mere delivery, and the indorsee or other holder has authority to demand payment, or to make it payable to himself or to another person, is proper, and should be given. It is error to refuse it.

5. It is not error, in such a case, to instruct the jury that if the note was placed in the hands of an agent for collection indorsed in blank, and it was purchased of the agent in good faith, the holder can recover, unless the note was past due when purchased, and had been paid. In such a case, if purchased after maturity in good faith, and it had not been paid, it could be enforced. Or if purchased under the supposed circumstances, before it was due, its payment could be enforced, although it had been paid.

6. FOREIGN STATUTE. Where the statute of another State is not pleaded, it is error to base an instruction on such a statute.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. HANNAMAN & KRETZINGER, for the appellant.

Messrs. WILLIAMS, CLARK & CALKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, in the Knox circuit court, against appellee, on a promissory note given in the State of California, by the latter to the former, on the 17th of March, 1860, for $356, with interest at the rate of four per cent per month, and due in three months from date, payable to H. J. Fleming, and indorsed by him to appellant.

The declaration contained a special and the usual common counts. The defendant filed the general issue and four special pleas. The first of these was a plea of usury, and avers that,

being in want of money, he applied to the payee for a loan of $356, which he loaned to him, and took the note, payable at Visalia, in the State of California, which is alleged to be contrary to the statute. The second is a plea of payment to Fleming, before the indorsement, and that the note was indorsed after maturity. The third is a plea of the statute of limitations, that the cause of action did not accrue within six years before the commencement of the suit; and the fourth is a plea of the statute, that the cause of action did not accrue within five years.

Plaintiff filed a demurrer to the second, third and fourth pleas, which was confessed to the second and fourth, and overruled as to the third. Leave was given to amend the second and fourth, which was done. A replication was filed to each of the four special pleas, traversing them, and issue was joined thereon, and a trial was had by the court and a jury, and a verdict rendered in favor of defendant. A motion for a new trial having been overruled, judgment was rendered on the verdict, and the cause is brought to this court on appeal.

On the trial, plaintiff introduced the statute of California, by which it appears that parties in that State are authorized to contract in writing for the payment of any rate of interest on money due or to become due. This statute therefore fully sustained the replication which set up that statute as an answer to the plea of usury.

The court permitted appellee to read the statute of limitations of the State of California, against the objection of appellant. It will be observed that neither of the pleas of limitation pleads the statute of California. Unless the statute had been pleaded, it was error to permit it to be read in evidence.

In the case of *Smith* v. *Whitaker*, 23 Ill. 367, it was said that the provisions of the laws of a foreign country are facts that must be pleaded and proved as other facts.

In the case of *Walker* v. *Maxwell*, 1 Mass. 103, the court say that, when a defendant relies upon the statute of another State, he must, in his plea, set it out, that the court may see

whether proceedings were warranted under it, and that the general averment that proceedings were pursuant to such a statute, is not sufficient. It may be a literal recital is not necessary, but it must be pleaded. And the same rule is announced in *Cobbett* v. *Keith*, 2 East, 260. And the rule is so stated in 1 Chitty's Pleading, 247. This statute was therefore inadmissible, because it was not pleaded.

These pleas seem to apply to and rely upon our statute of limitations, as the law of no other State is referred to or relied on as a defense. The suit having been brought on a promissory note, it would, under our statute, not be barred until sixteen years had elapsed after the action had accrued, and hence the issue formed on these pleas was immaterial, and should have been disregarded on the trial. Under them no question of a bar to the action by the laws of California could arise, as that statute was not pleaded.

Appellant complains of the court below in refusing his second instruction. It is this:

"The jury are instructed that, where a note has been indorsed in blank, the holder of the same may fill the blank with the name of the indorsee; that the indorsement of the note is said to be in blank when the name of the indorser is simply written on the back of the note, leaving a blank over it for the insertion of the name of the indorsee, or of any subsequent holder; and in such a case, while the indorsement continues blank, the note may be passed by mere delivery, and the indorsee or other holder is understood to have full authority personally to demand payment of it, or make it payable at his pleasure to himself or to another person."

We are unable to see any objection to this instruction. It embodies a correct legal proposition applicable to the issues in this case. The principles announced in it are acted upon in the daily commercial intercourse of the world, and, so far as our knowledge extends, have never been challenged. This instruction should have been given.

At the instance of appellee, the court below gave this instruction:

. "Unless the jury, from the evidence, believe that the defendant, John A. Marshall, left the State of California, and permanently ceased to reside there within five years after the note given in evidence became due and payable, the plaintiff can not recover in this action, and the jury will find a verdict for defendant.

Unless, from the evidence, the jury believe that George S. Palmer, when he brought this suit, was the honest owner of the note sued on; and further believe, from the evidence, that the same is now justly due and unpaid, from Marshall to George S. Palmer, the jury will find verdict for defendant."

The California statute not having been pleaded, it was error to admit it in evidence, and equally so to give this instruction. We can not, therefore, pass upon its correctness or incorrectness, as it has no application to the case as presented by the issues which were tried below.

Appellant also insists that the court erred in giving this instruction:

"If the jury believe, from the evidence, that the note in question was put in the hands of Johnson & Co. for collection, by Fleming, indorsed in blank, and that D. M. Walser bought said note in good faith, and it was transferred to him in blank, and he sold and transferred it in good faith, then the plaintiff can recover, unless the note was past due when Walser bought it, and it had been paid."

We see no objection to this instruction. There can be no objection that appellant could recover if the supposed facts appeared from the evidence. If the note was past due and was paid, when Walser purchased it, there can be no pretense, according to commercial usage and law, that Walser, or his assignee, could recover, as he, in such a case, would take it subject to all equities. On the other hand, if it was not due

when purchased, he could recover; or if it was due and unpaid, he could enforce it according to its terms, and any person to whom it might subsequently pass would succeed to his rights in precisely the same state he acquired them.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*