## PAIGE *v.* CHAPMAN.

In an action on a mortgage by an assignee, who received it with the note secured by it, for value, before due, as collateral security, in good faith, and without notice of defect or defence, the mortgagor cannot make the

defence of want of consideration, or that the note and mortgage were obtained from him by fraudulent representations.

WRIT OF ENTRY, on a mortgage made to secure the defendant's note, endorsed and delivered with the mortgage, by the payee, to the plaintiff, before maturity, as collateral security. The plaintiff received the note and mortgage in good faith, in the ordinary course of business, and with no notice of any equities between the mortgagee and the defendant. The question, whether the defence of want of consideration, and that the note and mortgage were obtained from the mortgagor by fraudulent representations, can be made, is reserved.

*Albin*, for the plaintiff.

*Barnard & Leach*, for the defendant.

ALLEN, J. Negotiable paper, received for value, before maturity, in the ordinary course of business, without notice of infirmity, is, in the hands of a purchaser, freed from defences by the maker. The same is true when the paper is received and held as collateral security. *Tucker* v. *Savings Bank, ante*, 83. A mortgage is incident to the debt secured by it, and a transfer of the note or other evidence of debt carries the mortgage with it. *Wheeler* v. *Emerson*, 45 N. H. 527. Any defences, open to the maker in a suit on the note, may be made use of in an action on the mortgage. *Northy* v. *Northy*, 45 N. H. 141. The mortgage follows the debt as a shadow does its object, and cannot exist without it. Whoever holds the evidence of debt holds the mortgage security, and payment of the debt extinguishes the mortgage. The debt is the principal thing, and imparts its character to the mortgage, and the legal rights and remedies upon the debt become fixed upon its incident, the mortgage. Defences, which cannot be made against the note because it has travelled away from them, cannot be made against the mortgage which has kept company with the note. The freedom from infirmity, which the innocent purchaser and holder of the note enjoys, cannot be destroyed or made less by taking with the note a mortgage made and intended as security. The plaintiff received the note and mortgage in good faith, before the debt had matured, and with no notice of defect or defence. The defence sought to be set up cannot be made. *Carpenter* v. *Longan*, 16 Wall. 271; *Taylor* v. *Page*, 6 Allen 86; *Sprague* v. *Graham*, 29 Me. 160; *Pierce* v. *Faunce*, 47 Me. 507; *Gould* v. *Marsh*, 1 Hun (N. Y.) 566; Jones on Mort. 834, 835, 840.

*Case discharged.*

BINGHAM, J., did not sit.