COMMONWEALTH *vs.* GLOBE INVESTMENT COMPANY.
IN RE PETITION OF WILLIAM A. RUST.

Suffolk.    December 9, 1896. — February 27, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Mortgage — Assignment — Agreement not to Record — Fraudulent Discharge by Assignor and Taking new Mortgage and Note — Right of Purchaser of new Note to Assignment of Mortgage — Equity.*

An investment company assigned to a trust company certain mortgage deeds and notes to secure debenture bonds of the former, and, by an agreement between them, the assignments of the mortgages were not recorded. The investment company subsequently discharged these mortgages without the knowledge of the trust company, and these discharges were recorded. The investment company afterwards took new notes secured by new mortgages upon the respective pieces of land covered by the former mortgages; and these notes were sold to A. before maturity. *Held,* that A. was entitled, as against the trust company, to have the new mortgages assigned to him.

PETITION, filed May 1, 1896, by William A. Rust, a creditor of the Globe Investment Company, to obtain an assignment of certain mortgages by the receiver of the corporation. The Boston Safe Deposit and Trust Company filed an answer, setting up a first lien upon the lands conveyed by the mortgages under assignments by the Globe Investment Company of prior mortgages of the same lands; and alleging that the later mortgages should be cancelled, or delivered to the Boston Safe Deposit and Trust Company, and not to the petitioner, or held by the Globe Investment Company or its representatives in trust for the Boston Safe Deposit and Trust Company. Hearing before *Allen,* J., who entered a decree for the petitioner; and the Boston Safe Deposit and Trust Company appealed to the full court. The material facts appear in the opinion.

*S. Lincoln,* for the Boston Safe Deposit and Trust Company.

*W. B. Durant,* for the petitioner.

LATHROP, J. By the decree of a single justice of this court, it was ordered that the receiver of the Globe Investment Company transfer and assign to the petitioner, William A. Rust, all the interest which he had as receiver, and all the interest of the Globe Investment Company, in and to certain twelve mortgages of parcels of land in the West, and pay over to the petitioner all

sums of money paid to the receiver on account of said mortgages, or on account of the notes thereby secured. The receiver has not appealed from this decree, and the only question before us arises from the conflicting claim of the Boston Safe Deposit and Trust Company, so far as the mortgages given to secure five of these notes are concerned.

In 1888, the investment company assigned to the trust company certain mortgage deeds and notes to secure debenture bonds of the investment company; and, by an agreement between the two companies, the assignments of the mortgages were not recorded. The investment company subsequently discharged these mortgages, without the knowledge of the trust company, and it is conceded that these discharges were recorded. The investment company afterwards took new notes, secured by new mortgages upon the respective pieces of land covered by the former mortgages; and these notes were sold to the petitioner.

The decree expressly states that it makes no adjudication as to the relative priority of the mortgages between the petitioner and the trust company; and the question before us is whether the petitioner is entitled to have the new mortgages assigned to him. We are of opinion that he is so entitled.

As nothing appears to the contrary we must assume, in favor of the decree below, that the notes which the petitioner received were received by him before they were due, and that there was nothing on the face of them to put the petitioner on inquiry. He then stands as the legal holder of the mortgage notes, and is equitably entitled to assignments of the mortgages given as security for the notes. *Sturtevant* v. *Jaques*, 14 Allen, 523, 527. *Morris* v. *Bacon*, 123 Mass. 58. *Barnes* v. *Boardman*, 149 Mass. 106, 114. *Carpenter* v. *Longan*, 16 Wall. 271. See also *Watson* v. *Wyman*, 161 Mass. 96.

We see no ground upon which the trust company is entitled to the possession of these mortgages. It is not the holder of notes which they were given to secure. It saw fit to make an agreement with the investment company, which enabled the latter to perform a fraudulent act. The petitioner is a holder for value, in good faith, of the notes, and is entitled to have the mortgages now held by the receiver transferred to him.

*Decree affirmed.*