# MARY BORNSTEIN, PETITIONER.

Suffolk, January, 1902.

*Mortgage to Trustee on Undisclosed Trust — Discharge —
Assignment — Foreclosure.*

The question in this case is one that is frequently raised by Examiners. While there are few decisions that bear on the matter, the principles involved seem to be fairly clear.

There are two mortgages in this title given to a mortgagee as "trustee" without anything further of record to disclose the nature of the trust. Each was assigned by the "trustee" mortgagee. One was then discharged, and the other foreclosed. The question is whether there is not here notice of a trust attaching to the property so that a purchaser is put upon his enquiry as to the authority of the alleged "trustee" at the time he assigned the mortgages, and as to his proper application of the proceeds of the assignment.

So far as the legal title is concerned, the assignments were formal assignments from the person appearing of record to be the owner of the mortgage. There was nothing to indicate any restriction on his power to assign. The assignees took the legal title. Manahan *v.* Varnum, 11 Gray 405. Stark *v.* Boynton, 167 Mass. 443. Commonwealth *v.* Globe Investment Co., 168 Mass. 80.

As to the equitable title, unquestionably, an assignee of a mortgage from a declared trustee who holds under an undisclosed trust, takes subject to the terms of the trust, whatever they may be. Shaw *v.* Spencer, 100 Mass. 382. Smith *v.* Burgess, 133 Mass. 511, and kindred cases. The liability

attaches to the trust, however, rather than to the particular property in which the trust is vested.   Whoever takes the corpus of the trust, with reason to know that it is a trust property, takes it, nevertheless, subject to all its natural incidents, one of which, in case of a mortgage, is the right of the mortgagor to pay his debt at maturity, and another is the ability on the part of the holder of a mortgage to enforce the security on default of the debt by foreclosure under power of sale.   The trust fund still remains subject to the terms of the trust in the hands of its holder, 'and if the assignee has bid in at the sale, and himself acquires the land, the land becomes the corpus of the trust and remains subject to its terms, not because it was the security given for the original mortgage debt, but because the holder of the trust estate has changed his mortgage debt into land.   Where, however, the mortgage has been either paid off or foreclosed by sale to a purchaser for value (both of which events happened in the case at bar), these are mere incidents of the nature of the trust property.   The trust, whatever it may have been, still attached to the money in the hands of the assignee, into which form the corpus of the trust property had of right and of necessity been converted, but there is no trust to attach to mortgaged real estate, either in the hands of a mortgagor who has simply paid his debt, or of a purchaser at foreclosure sale.   Sturtevant *v.* Jaques, 14 Allen, 523.   Jones *v.* Atch., Top. & S. Fe R. R., 150 Mass. 304.

**D**ecree for petitioner.