HARVEY P. L. PARTRIDGE *vs.* AMERICAN TRUST COMPANY.
ELLA F. BOOTHY & others *vs.* SAME & another.

Suffolk.    December 5, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Trust,* Duties of trustee.

Where a trust company holds as trustee assignments of mortgages of real estate to secure the debenture bonds of an investment company, under a trust agreement which explicitly prescribes the duties of the trustee and provides, as the only requirement in regard to recording the assignments of mortgages, that upon default by the investment company the trustee, upon the request in writing of the holders of a majority of the bonds in default, shall record at once "all unrecorded assignments to it of mortgages held by it under the provisions thereof," and shall take all necessary steps to convert into cash the securities held by it to secure the payment of the bonds in default, and further provides that the trustee "shall be responsible only for gross negligence or wilful default," the trustee is not liable to the bondholders for a loss suffered from the fraudulent acts of officers of the investment company in discharging some of the mortgages and misappropriating the proceeds for their own use, which were made possible by the failure of the trustee to record the assignments of these mortgages when no request to do so had been received by it from the holder of any of the bonds.

TWO BILLS IN EQUITY, filed in the Supreme Judicial Court respectively on March 23 and May 17, 1911, the last bill being amended on September 1, 1911, the first bill by the receiver of the property of the Debenture Investment Company against the American Trust Company, and the second bill by holders of the debenture bonds of the Debenture Investment Company, for themselves and such other holders of said bonds as might be entitled to join, against the American Trust Company and the Boston

Safe Deposit and Trust Company, its predecessor as trustee under the agreement securing said bonds.

In the first case *Loring,* J., made an interlocutory order sustaining a demurrer of the defendant on the ground that the receiver was not the proper party to bring the bill, and ordering that unless the bill should be amended within a time named a decree should be entered dismissing the bill with costs. No amendment having been made, on May 12, 1911, a final decree was made dismissing the bill, from which on May 15, 1911, the defendant appealed. Thereafter the second bill was filed. The cause of action relied upon was the same in both bills. The defendants severally demurred to the second bill as amended. This case came on to be heard before *Morton,* J., who reserved it upon the bill and the demurrers of the two defendants for determination by the full court. The terms of reservation have become immaterial. The question in regard to the liability of the defendants is stated in the opinion.

The trust agreement for securing the bonds in question was dated November 12, 1892, and was made between the Debenture Investment Company and the Boston Safe Deposit and Trust Company. The last named company acted as trustee until July, 1894, when it resigned and the American Trust Company, then called the American Loan and Trust Company, was appointed trustee in its place. In 1894 a trust agreement was made between the Debenture Investment Company and the American Loan and Trust Company. The provisions quoted and described in the opinion were contained in both agreements.

*H. T. Richardson,* for the plaintiffs.

*S. H. Pillsbury,* (*R. Y. Fitzgerald* with him,) for the American Trust Company.

*C. K. Cobb,* for the Boston Safe Deposit and Trust Company.

BRALEY, J. The plaintiffs are respectively the receiver, and a large number if not a majority of the bondholders of the Debenture Investment Company, a foreign corporation having its place of business in this Commonwealth, and organized to lend money on unincumbered real estate, and to issue and dispose of debenture bonds, the payment of which was to be secured by assignment of the mortgages to trustees. It appears that in the usual course of business mortgages with the accompanying notes

as shown by the bills of complaint were duly transferred under the trust to the American Trust Company, and later to its successor in the trust, the Boston Safe Deposit and Trust Company, each of which thereupon became vested with the title, control and disposition of the securities subject to the right reserved by the debenture company as mortgagee to receive the accrued interest, and to withdraw any mortgage, if securities of like character and amount were given in substitution, until default was made upon the bonds. By the neglect and failure of the trustees severally to record some of the assignments, the record title to these mortgages apparently remained in the debenture company, and certain of its officers taking advantage of this omission, and purporting to act for it, discharged them upon payment, and appropriated the proceeds to their own use. The defalcation having rendered the company insolvent, a receiver was appointed, and, without any averments that the discharges have been recorded or that the mortgagors were ignorant of the assignments, the substantial charge in each suit is that under the trust the securities were to be preserved for the benefit of the bondholders, and that the failure of the acting trustee to record the assignments was a breach of duty for which it is liable in money damages to the extent of their impairment in value, or for the entire amount if the mortgages have become unenforceable. But, if the defendants were bound to know their powers and faithfully to perform their duties, they are not accountable unless their failure to act was in violation of the provisions of the trust. *Ashley* v. *Winkley*, 209 Mass. 509. If the agreements had been silent as to any requirements for the protection of the title under our laws for the registration of conveyances of real property from the contingency of a purchase of the premises for value without notice after the discharge had been recorded, and had contained no reference exempting him from liability except for gross negligence or wilful default, a trustee, whose duty required him to protect the interests of bondholders by properly safeguarding securities of this nature, might be found by his neglect of precautions which an ordinarily careful business man would have taken, to be responsible for the delinquency. Pub. Sts. c. 120, § 4. R. L. c. 127, § 4. *Willcox* v. *Foster*, 132 Mass. 320. *Watson* v. *Wyman*, 161 Mass. 96. *Biggerstaff* v. *Marston*, 161 Mass.

101.  *Swasey* v. *Emerson*, 168 Mass. 118.  *Ashley* v. *Winkley*, 209 Mass. 509.  The agreements, however, are not silent, but explicitly prescribe the duties of the trustee, and nothing is left to implication.  By the fourth article the trustee was not required except upon default by the debenture company, and then only upon request in writing "of the holder or holders of a majority of the debentures in default," to record at once, "all unrecorded assignments to it of mortgages held by it under the provisions thereof," and by the fifth article it "shall be responsible only for gross negligence or wilful default."  A further provision of the fourth article is, that upon such request, the trustee shall "immediately take any and all necessary steps to convert into cash, by sale or otherwise, the securities held by it to secure the payment of the debentures in default . . . and shall apply the proceeds" after deducting all costs and expenses of collection toward the payment thereof.  Viewed in the light of what has happened it may be that the rights of the bondholders were insufficiently protected, but until they have complied with the terms of this article, and the trustee has neglected or refused to perform, neither defendant can be charged with unfaithful administration, or compelled to account generally.  The allegations which the demurrers admit to be true having failed to set forth any breach of duty by the defendants, no case is stated for equitable relief, and the other grounds relied on by the demurrants need not be considered.  The decree in the first case must be affirmed, and in the second case the bill must be dismissed.

*Ordered accordingly.*