CHARLES T. GALLAGHER *vs.* JAMES GALLETLEY

Middlesex.   Jan. 16. — Feb. 5, 1880.   COLT & LORD, JJ., absent.

At the trial of a writ of entry, it appeared that, in August 1877, the demanded premises were attached by A., who obtained judgment, and execution issued in July 1878. The premises were duly levied upon and sold, in August 1878, to B., who at once conveyed them to the demandant. The tenant offered in evidence a mortgage of the premises made to him in June 1877, but not recorded until after A.'s attachment. In September 1877, the tenant assigned this mortgage to C., who, in October 1877, discharged it on the record, acknowledging full payment of the debt secured by it. Before taking his deed, the demandant examined the record and found the mortgage thus discharged. In January 1878, the tenant, under the power contained in the mortgage, sold and conveyed the premises to D., who, on the same day, conveyed them back to the tenant. A few days before the trial, and nearly two years after the demandant's deed, C. recorded a paper, stating that he made a mistake in discharging the mortgage, and intended to assign it to the tenant. *Held*, that the tenant's exception to a refusal to rule that, upon the above facts, the demandant was charged with notice of the unrecorded mortgage, must be overruled, with double costs.

WRIT OF ENTRY to recover a parcel of land in Somerville. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Putnam*, J., who found for the demandant; and the tenant alleged exceptions. The facts appear in the opinion.

*D. F. Crane*, for the tenant.

*C. T. Gallagher & W. H. Orcutt*, for the demandant, moved for double costs.

ENDICOTT, J. There is no ground whatever upon which these exceptions can be sustained.

The premises were attached by Josiah A. Hannum in August 1877. Hannum obtained judgment in his action, and, execution being issued in July 1878, the premises were duly levied upon and sold in August following to James W. Hannum, who at once conveyed the same to the demandant.

The tenant, to prove his title, offered in evidence a mortgage of the premises made to him in June 1877, but not recorded till after the attachment. This mortgage he assigned, in September 1877, to his son, who, in October following, discharged it on the record, acknowledging full payment of the debt secured by it. Before taking his deed, the demandant examined the record and found the mortgage thus discharged.

It also appears that, in January 1878, the tenant undertook, by virtue of the power contained in the mortgage, to sell and convey the premises to one Doty, who, on the same day, conveyed them back to the tenant. It is contended that this so-called foreclosure, and the deeds which were placed on record, gave notice to all persons of this mortgage, at the time the demandant took his deed. But this was no notice of any outstanding mortgage on the premises, but merely of the fact that a mortgagee, who had assigned his mortgage, undertook to sell premises in which he had no title whatever, and which had been discharged of the mortgage by his assignee. The paper recorded by the assignee a few days before the trial, and nearly two years after the demandant's title was perfected, in which he states that he made a mistake in discharging the mortgage, and intended to assign it to the tenant, cannot affect the demandant's title. Neither the demandant nor Hannum had any notice of this at the time of the levy and sale.

The presiding judge, upon these facts, could not rule as requested, that the demandant was charged with notice of the unrecorded mortgage, and properly directed judgment for the demandant.                    *Exceptions overruled, with double costs.*