JAMES H. STARK & others *vs.* CHARLES A. BOYNTON.

Suffolk.　　December 1, 1896. — January 12, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Deed — Prior unrecorded Conveyance — Mortgage — Equity.*

Under Pub. Sts. c. 120, § 4, a prior unrecorded conveyance of land is invalid as against a subsequent grantee of the land, who has no actual notice or knowledge of it, and whose deed is duly recorded.

One who takes a conveyance of a mortgage, either by a formal assignment or a quitclaim deed, from a person who appears of record to be the owner of it, will acquire a good title as mortgagee, unless he has actual notice or information of a defect in the title.

BILL IN EQUITY, filed in the Superior Court on April 15, 1895, by James H. Stark, Isaac Schurman, and Annie J. Schurman, and alleging the following facts.

On June 27, 1883, Lydia T. Anderson, Benjamin F. Davis, and Mary E. Davis, then the owners of an estate in Boston, conveyed the same to the defendant by warranty deed, recorded July 6, 1883.

On June 20, 1888, the defendant conveyed such estate to Lydia T. Anderson, by quitclaim deed in the usual form, containing the following declaration: " The above premises were conveyed to me by deed, absolute in form, but nevertheless as collateral security, and were so held by me, and this conveyance is made only of such interest as I may hold by reason thereof." This was recorded on September 11, 1888.

Mary E. Davis died prior to July 1, 1894, intestate, leaving as her only heirs Lydia T. Anderson and Benjamin F. Davis.

On July 3, 1894, Benjamin F. Davis conveyed his interest in the estate to the plaintiff Stark, by quitclaim deed, recorded on the same day.

On September 15, 1894, Lydia T. Anderson conveyed the estate to the plaintiff Stark, by quitclaim deed, recorded November 6, 1894.

On July 2, 1894, Lydia T. Anderson conveyed the estate to the defendant by quitclaim deed, recorded November 10, 1894, and containing the following declaration: " Being the same

premises which were conveyed to said Charles A. Boynton by deed dated June 27, 1883, and recorded . . . which deed, though absolute in form, was nevertheless given said Boynton and held by him as collateral security for the sum of seven hundred and fifty dollars, and was by him assigned to me by a conveyance dated June 20, 1888, recorded . . . This conveyance is now made to the said Boynton to reconvey to him any and all interest which I received by virtue of the assignment from said Boynton to me, and not as an assignment or conveyance of the equity of said estate."

On or about November 15, 1894, the plaintiff Stark divided the estate into six lots, and on January 5, 1895, conveyed two of the lots to the plaintiff Isaac Schurman, and one of the lots to the plaintiff Annie J. Schurman, by deeds recorded March 8, 1895.

The plaintiffs have, since the conveyances to them, been in possession of their respective lots as owners thereof.

The plaintiffs, or either of them, did not know, and had not been informed at the time of taking their respective deeds, of the conveyance to the defendant dated July 2, 1894.

Such deed to the defendant constitutes a cloud upon the plaintiffs' title; and the plaintiffs have requested the defendant to release to them all right, title, and interest in the estate which he acquired under that deed, but the defendant has refused so to do.

The prayer of the bill was, that the deed to the defendant dated July 2, 1894, be set aside; and that the defendant be ordered to convey to the plaintiffs all right, title, and interest in the estate which he acquired under such deed.

A decree was entered for the plaintiffs; and the defendant appealed to this court.

*F. Burke*, for the defendant.

*C. W. Cushing*, for the plaintiffs.

KNOWLTON, J. After the conveyance by the defendant to Lydia T. Anderson, on June 20, 1888, and after the death of Mary E. Davis, which occurred prior to July 1, 1894, the said Anderson and Benjamin F. Davis were the only persons who had any title to the real estate in question. The deed of Benjamin F. Davis to the plaintiff Stark, on July 3, 1894, left the only

outstanding title in Lydia T. Anderson. The plaintiff Stark then took from her a quitclaim deed on September 15, 1894, which was duly recorded on November 6, 1894. He thereby acquired a perfect title, unless the deed given to the defendant by said Anderson on July 2, 1894, which was not recorded till November 10, 1894, takes precedence of Stark's deed, which was recorded on November 6, 1894.

It is not contended that the plaintiff Stark had actual notice or knowledge of the defendant's prior unrecorded deed, and therefore, by the express terms of the Pub. Sts. c. 120, § 4, it is not valid as against him. If it be assumed, as the defendant contends, that the title conveyed by the defendant to Lydia T Anderson on June 20, 1888, ·was merely an interest as mort gagee, and that the mortgage interest which she thus acquired did not merge with her ownership of a share in the equity of redemption, so that she might reconvey the mortgage to the defendant by her deed of July 2, 1894, it does not affect the result. One who takes a conveyance of a mortgage, either by a formal assignment or a quitclaim deed, from a person who appears of record to be the owner of it, will acquire a good title as mortgagee unless he has actual notice or information of a defect in the title. *Welch* v. *Priest*, 8 Allen, 165. *Blunt* v. *Norris*, 123 Mass. 55. *Gallagher* v. *Galletley*, 128 Mass. 367. *Morse* v. *Curtis*, 140 Mass. 112. The effect of such a conveyance, when the mortgage purports to secure the payment of a note or bond, which is not produced but has previously been sold to a third person, is considered in *Wolcott* v. *Winchester*, 15 Gray, 461. The failure to include the note or bond in the sale may leave the conveyance ineffectual as against a previous purchaser of the debt who has a prior unrecorded assignment of the mortgage security, or who otherwise succeeds to the mortgage title. But there are no facts in the present case to make this doctrine applicable. We infer from the record that there was no note, bond, or other evidence of debt except what is contained in the recitals in two of the deeds, and that there was nothing to show to the plaintiff Stark, when he took his deed from Lydia T. Anderson, that he was not acquiring everything that she ever had upon which the validity of her title depended.

*Decree affirmed.*