(128 App. Div. 148.)

## GOTTLIEB v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   October 16, 1908.)

1. MORTGAGES—QUITCLAIM OF INTEREST IN LAND—EFFECT.
   A mortgagee, who quitclaims his interest in the land mortgaged, thereby assigns the mortgage to the grantee.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 612.]

2. SAME—FORECLOSURE—RIGHTS OF MORTGAGEE AS PURCHASER.
   Where a mortgagee quitclaimed his interest in the land to a third person, and then foreclosed the mortgage and purchased the premises at the foreclosure sale, the mortgagee acquired the premises as trustee for the third person.

Appeal from Special Term, Kings County.

Action by Louis Gottlieb against the city of New York and others. From a judgment for plaintiff, entered on a decision of the court after trial at Special Term, and from an order permitting an amendment to the complaint, defendant the city of New York appeals.   Affirmed.

The town of Gravesend, by its trustees of common lands, conveyed the land in question to the plaintiff in 1885. The town by the said trustees had already conveyed the same to another in 1884, and taken back a mortgage for part of the purchase money, which it held at the time of the conveyance to the plaintiff.   In 1893 the said mortgage was foreclosed by the town by action and the town became the purchaser at the sale. This plaintiff was not made a party to such foreclosure.

The conveyance to the plaintiff was "all of the right, title, interest, ownership and estate" of the town, and there were no covenants against encumbrances, of seizin, warranty or further assurance.

This was originally an action in ejectment against the city of New York, the successor of the said town, which is in possession under the conveyance to it under the said foreclosure.   On the trial (both sides having noticed it for trial at the Special Term) the complaint was amended to make it a suit in equity to have the plaintiff adjudged owner and require the city to convey to him.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James D. Bell (Jerome W. Coombs, on the brief), for appellant.
George H. Taylor, Jr., for respondent.

GAYNOR, J.   When the town conveyed to the plaintiff it did not own the land, but only a mortgage thereon.   The deed of conveyance was without covenants, but it operated to assign the mortgage to the plaintiff, and therefore the foreclosure of the mortgage by the city of New York (the successor of the town) and the purchase by the said city on the foreclosure for the amount due on the mortgage, must be

112 N.Y.S.—35

deemed to have been done as trustee for the plaintiff. There seems, to be an absence of precise authority in this state that a deed of quit-claim, or of right, title and interest, by a mortgagee of the land, at least assigns the mortgage. If the mortgagee should foreclose, and the foreclosure should be ineffectual to transfer title to the purchaser, it would transfer the mortgage to him. Robinson v. Ryan, 25 N. Y. 320. There seems to be no reason why the same result should not flow from a deed of conveyance of quitclaim or without covenants by the mortgagee, instead of resorting to a foreclosure. That has been held elsewhere. Stark v. Boynton, 167 Mass. 443, 45 N. E. 764.

The judgment, and also the order permitting the amendment of the complaint, should be affirmed.

Judgment affirmed, with costs. All concur.