(66 Misc. Rep. 280.)

HAWLEY et al. v. LEVEE.

(Supreme Court, Special Term, New York County. February, 1910.)

MORTGAGES (§ 226*)—ASSIGNMENT—EXECUTION OF QUITCLAIM DEED.
　　Execution of a quitclaim deed by a mortgagee is not an assignment of the mortgage.
　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 612; Dec. Dig. § 226.*]

Action by William Hawley and others against Jeannie M. Levee. Judgment for plaintiffs.

Osborne & Lamb, for plaintiffs.
Wilder, Ewen & Patterson, for defendant.

O'GORMAN, J. This is an action to foreclose four mortgages, aggregating $7,500, on the premises No. 48 West Eleventh street in the city of New York. The defense is that the plaintiffs have executed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quitclaim deeds of all their interest in the premises, and that such deeds operate as an assignment of the mortgages.

The defendant is a sister of the plaintiffs. Their mother, Isabella M. Hawley, purchased the property in 1886 with $15,000 trust funds, which, under the will of her father, George Merritt, deceased, were to be divided upon her death among her four children, three of whom are the parties to this action. The mortgages in question were a lien upon the premises, and in June, 1902, six years later, were purchased by the plaintiffs from the mortgagee; the assignment being taken in the name of the defendant. This assignment was duly recorded, and a few weeks thereafter the defendant executed and delivered a reassignment of the said mortgages to the plaintiffs. In September, 1904, Isabella M. Hawley died, and by her will, duly probated, devised the premises in question to the defendant. In the following year the plaintiff William Hawley was appointed substituted trustee of the trust fund above referred to; and about the same time the fourth child released to the said William Hawley, as substituted trustee, all her interest in the said trust fund upon the payment to her of $3,750, which was one-fourth of the original $15,000 trust fund. About a year after the purchase in 1886, the plaintiffs and the defendant duly executed and delivered to their mother a release of their three-fourths interest in the said trust fund. In March, 1908, in order to clear the title, for the purpose of sale and to pay the liens as claimed by the plaintiffs, or for the purpose of procuring a mortgage as claimed by the defendant, the plaintiffs executed and delivered two quitclaim deeds, one by Alan R. Hawley, individually, and the other by William Hawley, individually, and as substituted trustee under the trust created by the will of George Merrit, deceased, for Isabella M. Hawley. These deeds were recorded in this county on April 22, 1908. On April 1, 1908, the defendant, claiming that the execution of the quitclaim deeds operated as an assignment of the $7,250 mortgages then held by the plaintiffs, executed a satisfaction piece of those mortgages and recorded the same on October 23, 1908; the plaintiffs having omitted to previously record the assignment executed by the defendant to them in 1902.

The defendant's contention cannot be sustained. At common law the mortgagee was at first treated as being the legal owner of the mortgaged premises. His estate was devisable, and descended to his heirs; and, after breach of the condition, he could oust the mortgagor by an action in ejectment, or by any other means that did not involve a breach of the peace. Since the act of 1830, providing that no action of ejectment should thereafter be maintained by a mortgagee, a mortgagee has been regarded in this state as a mere lienor, having no legal estate in the land covered by the mortgage. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151. Until foreclosure or entry after condition broken, a mortgagee has, therefore, no interest in the land capable of being conveyed or mortgaged; and his conveyance passes no interest in the mortgage, which remains personal property. Purdy v. Huntingdon, 42 N. Y. 334, 1 Am. Rep. 532; Miller v. Lindsay, 19 Hun, 207; 27 Cyc. 1291; Jones, Mort. § 808; Thomas, Mort. §§ 26, 307. Gottlieb v. City of New York, 128 App. Div. 148, 112 N. Y. Supp. 545, cited by the defendant, involved the familiar doctrine

of equitable estoppel and subrogation; and the intimation in the opinion of the court that a quitclaim deed by a mortgagee out of possession operates as an assignment of the mortgage is opposed to reason and authority and is not the law of this state.

The execution and filing of the satisfaction pieces by the defendant after the commencement of this action were wholly unauthorized, and, being null and void acts, cannot impair plaintiffs' rights or remedies. Equity may, without formal action, disregard a cancellation unlawfully effected, and enforce the mortgage notwithstanding, without prejudice, however, to the rights of innocent third parties. 27 Cyc. 1431. The quitclaim deeds were given as substitutes for the old releases, which were recorded in New Jersey, while the property in suit, in the purchase of which the trust funds were used, was located in this state, where the quitclaim deeds were to be recorded. When the deeds were executed no consideration passed; and there was no suggestion that they were in any way to assign or discharge the mortgages then a lien upon the premises.

The claim that the quitclaim deeds were induced by the defendant's fraud is well sustained by the evidence, but need not be further considered, in view of my conclusion that the plaintiffs' ownership of the mortgages was not affected by the execution of the deeds.

Judgment for plaintiffs, with costs.