MANUFACTURERS' INSURANCE COMPANY *vs.* JACOB H. LOUD Treasurer and Receiver-general of the Commonwealth, & another.

The tax imposed by the St. of 1865, *c.* 283, on corporations chartered by the Commonwealth or organized under the general laws for purposes of business or profit, having a capital stock divided into shares, is a tax on their franchises, and not on their property; and it is no reason for abatement of any portion of such a tax, that, in computing the market value of the capital stock of the corporation as the true value of its corporate franchise, the tax commissioner omits to make any deduction for a portion of its property invested in bonds of the United States which are exempt from taxation by any state.

PETITION on the St. of 1867, *c.* 52, § 2, for abatement of a portion of a tax assessed under the St. of 1865, *c.* 283, upon the petitioners, a corporation chartered by this Commonwealth for purposes of business as insurers of fire and marine risks, and having a capital stock divided into shares.

The only issue was, whether, in ascertaining the true value of the corporate franchise of the petitioners by computing the market value of the shares of their capital stock on May 1, 1866, the tax commissioner was in error in making no deduction on account of a portion of their property which was invested in bonds of

the United States exempt from taxation by state authority; and it was agreed that on May 1, 1866, the petitioners owned such bonds of the par value of $180,000, and of the market value of $242,438, and made return thereof and of their other property on that day to the tax commissioner, on the basis of which return the valuation was made on which the tax was assessed, which they paid under protest after the refusal of the board of appeal to make correction thereof. This question was reserved by *Wells,* J., for determination by the full court.

*C. W. Storey & N. St. J. Green,* for the petitioners.

*C. Allen,* Attorney General, *& J. C. Davis,* for the respondents.

WELLS, J. It has been repeatedly held by this court that the tax upon a corporation under the St. of 1864, *c.* 208, was a tax upon the franchises of the corporation, and not upon its property. In the St. of 1865, *c.* 283, the intention of the legislature to lay the tax upon the corporate franchises appears even more obviously than in the St. of 1864. The petitioner does not point out any feature of the St. of 1865 which may operate to control that apparent intent, and give the statute the effect of imposing a property tax.

It is agreed that the computations and all the proceedings in levying the tax are correct and in conformity with the statute, unless the omission to make a deduction from the market value of the capital stock on account of the bonds of the United States held by the corporation shall be adjudged to be erroneous. But, as the aggregate valuation, upon which the tax is computed, is not a valuation of the property of the corporation, it does not include, as a component part of itself, the value of the bonds as property. No deduction of the value of such bonds is required, therefore, in order to arrive at the basis of the taxation contemplated by the statute; nor by reason of their specific exemption from taxation by the Constitution and laws of the United States. No part of the tax is assessed upon the property of the corporation in these bonds, nor upon their property however held or invested.	*Petition dismissed.*