## WILLIAM H. MURRAY *vs.* BERKSHIRE LIFE INSURANCE COMPANY.

The Sts. of 1865, c. 242, § 3, and 1868, c. 349, § 4, were not intended to create a new class of taxpayers, but to provide the mode in which shares in national banks should be assessed to those already liable to taxation; and therefore mutual life insurance companies are not liable to taxation under those statutes.

CONTRACT by the collector of the town of Pittsfield against a mutual life insurance company, located in that town, to recover the amount of a tax assessed on shares in national banks, owned by the defendants. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon agreed facts, and is stated in the opinion.

*J. M. Barker,* (*T. P. Pingree* with him,) for the plaintiff.

*E. Merwin,* for the defendants.

MORTON, J. The question presented in this case is, whether the shares in a national banking association, owned by a mutual life insurance company, are taxable to such company in the town where its principal office is established. The plaintiff claims that they are made taxable by St. 1868, c. 349, § 4, which provides that "all shares of stock in the banks aforesaid, owned by residents of this Commonwealth, shall be assessed to the owners thereof, as provided in chapter two hundred and forty-two of the acts of the year eighteen hundred and sixty-five: provided, that no stock insurance corporation, savings bank or institution for savings, incorporated under the laws of this state, including the Mercantile Savings Institution in the city of Bos ton, otherwise taxed under the laws of this state, shall be taxed for its investments in the shares of national banks within this

Commonwealth." The St. of 1865, *c.* 242, in the first and second sections, requires the assessors of every city or town, in which a national bank is established, to obtain from the officers of such bank, and transmit to the assessors of the other cities and towns, a correct list of the names and residences of all shareholders in such banking association, and the number of shares held by each, and a statement of the amount of the capital stock of such association, the par value and the fair market value of each share, the amount and value of real estate owned by such association, and where the same is located. The third section provides that "the assessors of each city and town in which any shareholder in such association resides shall include all shares in such associations held by persons resident and liable to taxation in said city or town, in the valuation of the personal property of such person, for the assessment of all taxes imposed and levied in said town by authority of law, to be assessed at the same rate and subject to the same deductions as shares of state banks and other moneyed corporations in the hands of the citizens of such city or town." Prior to the enactment of these statutes, corporations have, under our laws, never been liable to be taxed for any personal property owned by them, except machinery employed in manufactures. Gen. Sts. *c.* 11, § 12. *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181. *Worcester Insurance Co.* v. *Worcester*, 7 Cush. 600. *Worcester County Institution for Savings* v. *Worcester*, 10 Cush. 128. *Middlesex Railroad Co.* v. *Charlestown*, 8 Allen, 330. Under our system, as it prevailed for many years, the personal property of most moneyed corporations was made to bear its portion of the public burdens by means of a tax assessed to each stockholder at his place of residence upon the shares held by him. The St. of 1862, *c.* 224, imposed an excise upon the franchise of fire and marine insurance companies and of savings banks, and not a tax on the property belonging to those corporations. *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 428. By the St. of 1864, *c.* 208, as revised by the St. of 1865, *c.* 283, an excise is imposed upon the franchise of all corporations having a capital stock divided into shares, except banks of issue and

deposit, and the stockholders of such corporations as pay this excise are exempted from taxation upon their shares in the places of their residence. *Commonwealth* v. *Hamilton Manufacturing Co.* 12 Allen, 298. *Manufacturers' Insurance Co.* v. *Loud,* 99 Mass. 146.

Neither of the statutes above referred to lays a tax upon the personal property of corporations, and it has been held that mutual life insurance companies are not affected by them. *Commonwealth* v. *Berkshire Insurance Co.* 98 Mass. 25.

From this review of the statutes and authorities, it is seen that corporations are not liable to taxation for their general personal property in the town in which they are located. Are they made liable to be taxed for the shares in national banks owned by them, by the Sts. of 1865, *c.* 242, and 1868, *c.* 349? These two statutes must be construed together, and we are of opinion that their purpose and effect is not to create a new class of taxpayers, but to provide the mode in which shares in national banks shall be assessed to those who, by existing laws, were liable to taxation in the several cities and towns. Such is the natural construction of the language of the statutes. The assessors of the city or town in which any shareholder resides are to "include all shares in such associations held by persons resident and liable to taxation in said city or town in the valuation of the personal property of such person." The owner of national bank shares must not only be a resident of the town, but "liable to taxation" therein, to authorize the assessors to assess him for them. The direction to include such shares "in the valuation of the personal property of such person" strongly implies that the statute is intended to apply to such persons only as are liable to be taxed for the personal property owned by them. The provision that the tax is "to be assessed at the same rate and subject to the same deductions as shares of state banks, and other moneyed corporations, in the hands of the citizens of such city or town," raises a strong implication in favor of this construction.

It is clear that corporations are not liable to taxation in the towns where they are established, for shares in state banks or in

other moneyed corporations which, if owned by citizens of such town, would be taxable. It is not to be presumed that the legislature intended to discriminate against shares in national banks, and to subject them to taxation in the hands of corporations which are not taxable for shares in any other moneyed corporations.

Upon the whole, we are of opinion that the defendant corporation is not liable to taxation in Pittsfield upon the national bank shares owned by it, and that this action, therefore, cannot be maintained.

Our only difficulty in reaching this conclusion has arisen from the proviso in the fourth section of the statute of 1868, that no stock insurance corporation or savings bank, "otherwise taxed under the laws of this state, shall be taxed for its investments in the shares of national banks within this Commonwealth." The plaintiff's argument, that this provision implies that in the view of the legislature corporations were taxable for national bank shares held by them, because otherwise the proviso is useless, is not without force. It is difficult to see the precise view in which this proviso was deemed to be necessary; but we think that the inference which the plaintiff draws from it is not sufficiently strong to control the considerations which have led to the construction adopted by us.         *Judgment for the defendants.*