## HILLSBOROUGH.

BARTLETT & a. v. CARTER.

| 59 | 105 |
| 68 | 386 |
| 59 | 105 |
| 74 | 557 |
| 74 | 558 |
| 74 | 572 |
| 74 | 588 |
| 74 | 594 |

The tax of one per cent. laid upon savings-banks by Gen. Laws, *c.* 65, *s.* 8, is a property tax.

The levy of this tax is not discontinued during the process of winding up a bank on an assignment in insolvency.

BILL IN EQUITY, praying the advice of the court. The bill alleges that the plaintiffs are, by the appointment of the court, assignees of the City Savings-Bank, formerly doing business at Manchester; that said bank has ceased to do business as a savings-bank, and the plaintiffs are now settling its affairs; that the defendant, being state treasurer, demands of the plaintiffs a tax of one per cent. on the amount of the assets in their hands or on the amount due the depositors in said bank on the first day of April, 1878; that prior to that time the plaintiffs were appointed assignees, and all the assets of the bank had been conveyed to them; that the plaintiffs are ignorant of their duty as to paying said tax, and they desire the direction of the court as to whether they shall pay it, or whether the tax is illegal and void.

DOE, C. J. A method of taxation is sometimes sustained by calling a property tax an excise on a franchise, or a price paid for a privilege of corporate agency. *Com.* v. *P. Savings-Bank,* 5 Allen 428; *Oliver* v. *W. Mills,* 11 Allen 268; *Com.* v. *L. Gas-Light Co.,* 12 Allen 75; *Com.* v. *H. M. Co.,* 12 Allen 298; *S. C.,* 6 Wall. 632; *Com.* v. *P. Inst. for Savings,* 12 Allen 312; *S. C.,* 6 Wall. 611; *Coite* v. *Society for Savings,* 32 Conn. 173; *S. C.,* 6 Wall. 594; *Coite* v. *C. M. L. Ins. Co.,* 36 Conn. 512; *M. Ins. Co.* v. *Loud,* 99 Mass. 146; *Att'y-Gen.* v. *B. S. M. Co.,* 99 Mass. 148; *M. C. Savings-Bank* v. *Rochester,* 37 N. Y. 365. The tax held to be an excise may, by implication, be discontinued during the process of winding up the agency on an assignment in insolvency. *Com.* v. *L. Savings-Bank,* 123 Mass. 493; *Com.* v. *B. Savings-Bank,* 126 Mass. 526. But the one per cent. tax claimed by the state in this case, like the tax of the deposits invested in real estate, is a property tax. G. L., *c.* 65, *ss.* 6, 8; *R. Savings-Bank* v. *Portsmouth,* 52 N. H. 17, 27, 28. It is laid upon the property of the depositors, and is paid out of their property by their incorporated agent and trustee. It is not compensation paid by them for the difference between the agency of a corporation and the agency of a partnership or such unincorporated trustees as were defendants in *Davis* v. *Bradford,* 58 N. H. 476. Formerly the deposits were assessed

directly to the depositors, as money at interest.    Rev. St., *c.* 39, *s.*
3.    And when the corporate agent was substituted for the depos-
itors in the assessment, the tax was declared to be in full for all
taxes imposed upon the deposits, or on the depositors on account of
the deposits.    Laws of 1864, *c.* 4028, *s.* 1.    If an additional and
full tax were assessed to them, upon their deposits as money at in-
terest, the case would be instantly recognized as one of double tax-
ation.    On that point there would be, in this state, no difference
of opinion.

If the savings-bank tax, being constitutional, were not a property
tax, it would be such an impost as the legislature could levy in ad-
dition to a full property tax of the deposits separately appraised.
The depositors' privilege of employing the corporation, instead of
an unincorporated body of trustees, as their agent in the invest-
ment of their common property, may be of some value to them.
But it is not supposed to be worth to each depositor one per cent.
annually of his share of the common personal property.    And an
assessment of all the common property at its full value as property,
and a further assessment of one per cent. of the common personal
property as a tax upon the corporate privilege, would not be an
exercise of the power of making an equal division of the public
expense.    In an equal division a corporate franchise is taxed, like
other property, at its value.    The fact that the value of the fran-
chise is often included in the appraisal of other property assessed
at its full value to the equitable owners or their corporate agent,
may not be material in jurisdictions where double and unequal tax-
ation is maintained upon nominal distinctions, in disregard of the
substance of equal right.

The assignment, and the substitution of the assignees as unin-
corporated trustees in place of the incorporated one, did not change
the equitable title of the depositors.    *Simpson* v. *Savings-Bank,* 56
N. H. 466.    And the tax is due as if there had been no change of
trustee.

*Case discharged.*

STANLEY and CLARK, JJ., did not sit: the others concurred.