FIREMEN'S FIRE INSURANCE COMPANY *vs.* COMMONWEALTH.

Suffolk.   March 27. — 31, 1884.   DEVENS & COLBURN, JJ., absent.

Under the Pub. Sts. *c.* 11, §§ 14, 16, and *c.* 13, §§ 39, 40, the tax commissioner, in determining the basis upon which to levy the annual excise on the franchise of an insurance corporation, should deduct from the aggregate value of the shares of the corporation the value of mortgages of real estate held by it, and subject to local taxation.

MORTON, C. J.   This petition, under the Pub. Sts. *c.* 13, § 64, alleges, and the answer admits, that the petitioner, on May 1, 1882, was the owner of mortgages on real estate subject to taxation in this Commonwealth; that it made due returns to the tax commissioner, as required by statute; and that the tax commissioner, in determining the amount of the excise upon its franchise to be paid by the petitioner for the year 1882, did not deduct from the amount of the aggregate value of its shares the amount of such mortgages.

The only question presented in the case is, whether the petitioner is entitled to this deduction.   As the tax was for the year 1882, this question is to be decided upon the construction of the provisions of the Public Statutes.

Section 40 of the Pub. Sts. *c.* 13, provides that a corporation like the petitioner " shall annually pay a tax upon its corporate franchise at a valuation thereof equal to the aggregate value of the shares in its capital stock, as determined in the preceding section, after making the deductions provided for in this section." This section then provides that from this valuation there shall be deducted, among other things, " an amount equal to the value, as determined by the tax commissioner, of their real estate and machinery, subject to local taxation, wherever situated."

The preceding section, the thirty-ninth, provides that the commissioner shall ascertain the true market value of the shares of the corporation on the first day of May of each year, and shall also ascertain " the value and amount of all real estate and machinery owned by each corporation, and subject to local taxation, and of the deductions provided in the following section," as the basis of the valuation upon which the excise is to be laid. This chapter also provides that the tax commissioner may adopt as his valuation the amount at which the real estate and machinery are assessed by the assessors of the towns in which the same are located, but that such local assessment shall not be conclusive of the true value; and that, if he adopts a value less than the local valuation, he shall notify the corporation, so that it may apply to the local assessors for an abatement, and, if they refuse, may appeal to the county commissioners, whose decision upon such appeal shall be conclusive upon all parties. Pub. Sts. *c.* 13, §§ 39–41. The whole scope of these provisions shows that the object of the Legislature, in requiring the deduction from the aggregate value of the shares named in section 40, was to prevent double taxation in fact, if not in form, and to insure that property of a corporation, which, under the laws, was subject to local taxation, should not be included in the valuation upon which the excise on the franchise is based.

Chapter 11 of the Public Statutes provides, in substance, that, when any person has an interest as mortgagee of real estate under a duly recorded mortgage given to secure the payment of a fixed sum, the amount of his interest as mortgagee shall be assessed as real estate in the place where the land lies; and that, " for the purposes of taxation," mortgagors and mortgagees shall be deemed joint owners until the mortgagee takes possession. Pub. Sts. *c.* 11, §§ 14–16. There can be no doubt that these provisions apply to corporations which are mortgagees, as well as to natural persons. Nor can there be any doubt that it is competent for the Legislature to determine what shall be real estate and what shall be personal property for the purposes of taxation.

Considering the Public Statutes as a body of laws enacted at the same time, we have a case where the Legislature in one breath enacts that the interest of a mortgagee shall be real

estate subject to local taxation, and that, in levying a tax upon the franchise of a corporation, all its real estate subject to local taxation shall be deducted from the aggregate value of its shares in order to determine the basis of the tax.

We can see no escape from the conclusion, that, under these provisions, the amount of mortgages owned by a corporation and subject to local taxation should be deducted in fixing the basis of the tax upon its franchise; otherwise, the corporation is subject to double taxation in fact, if not in form, to the extent of the mortgages, and the letter and spirit of the statute are defeated.

But waiving any argument which may be drawn from the fact that all the provisions on this subject were enacted at the same time, and assuming that it was not intended by the Public Statutes to make any change in the laws existing at the time of their enactment, an examination of the prior legislation leads us to the same result.

Formerly, the personal property of corporations except the machinery, was not subject to taxation, but the individual stockholders were taxed for the value of their shares, after deducting the value of the real estate and machinery belonging to the corporation. Gen. Sts. c. 11, § 12.

In 1864, this system was changed as to corporations having a capital stock divided into shares; a direct state tax or excise was laid upon the corporations, and the stockholders were exempted from taxation upon their shares. St. 1864, c. 208. This statute was revised in the following year. St. 1865, c. 283.

The St. of 1865 contained substantially the same provisions, so far as the question before us is affected, as those contained in the Public Statutes. The same intention on the part of the Legislature to avoid double taxation was shown, and for this purpose the tax commissioner was to deduct from the value of the shares the value of the real estate and machinery which were subject to local taxation. This statute remained in force until the enactment of the Public Statutes. In 1881, the Legislature passed a statute, which was reënacted without material change in the Public Statutes, providing that, for purposes of taxation, the interest of a mortgagee should be assessed as real estate,

and that he and the mortgagor should be deemed joint owners. St. 1881, *c.* 304.   This statute made the interest of a mortgagee, for all purposes of taxation, real estate subject to local taxation, and thus brought such interest within the words of the St. of 1865, which require the tax commissioner to deduct an amount equal to the value "of their real estate and machinery, subject to local taxation, wherever situated."   St. 1865, *c.* 283, § 5.

That such interest should be deducted is clearly within the spirit of the statute, the object of the Legislature being to provide that the corporation should not be taxed, under the form of an excise upon its franchise, for any property on which it pays a local tax.

The Commonwealth argues that the fact that § 8 makes provision that savings banks shall not be required to pay to the treasurer of the Commonwealth taxes upon such portion of their deposits as is invested in loans secured by mortgages of taxable real estate, indicates the intention of the Legislature to exclude other corporations from the benefit of a similar provision.

If savings banks were included under the St. of 1865, there would be force in the argument.   But they are not so included ; they are taxed upon a different system and under different laws. Such provision was necessary for the protection of savings banks, and to prevent them from being subject to double taxation.   But there was no occasion for a similar provision as to corporations coming under the St. of 1865, because, when a mortgagee's interest was made real estate, it was embraced by the provisions of the St. of 1865 already existing, requiring that all real estate of the corporation should be deducted in fixing the basis of the excise.   The fact that the Legislature carefully made a special provision where it was needed to prevent the statute from operating to produce double taxation in the case of savings banks, rather leads to the inference that it could not have been its intention that the statute should operate to produce double taxation of other corporations.

Upon the whole case, we are of opinion that, under our statutes, it is the duty of the tax commissioner, in determining the basis upon which to levy the excise upon the franchise of the petitioner, to deduct from the aggregate value of the shares of

the corporation, as determined by him, the value of the mortgages held by it, subject to local taxation.

*Decree accordingly.*

*E. R. Hoar & J. D. Bryant*, for the petitioner.

*E. J. Sherman*, Attorney General, *& F. J. Stimson*, Assistant Attorney General, for the Commonwealth.