ELLEN M. KNIGHT & another, administrators, *vs.* CITY OF BOSTON.

Suffolk.    March 14, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Tax — Bonds of Corporation secured by Mortgage to Trustee — Double Taxation — Statute.*

Under Pub. Sts. c. 11, §§ 4, 14, bonds of a corporation secured by a mortgage of its land executed to and held by a trustee for the bondholders are not taxable to the individual owners thereof as personal property, the trustee having paid a tax assessed upon the whole value of the land equal to the amount of the bonds outstanding. FIELD, C. J., ALLEN & MORTON, JJ., dissenting.

PETITION, under St. 1890, c. 127, by the administrators of the estate of Samuel Knight, for an abatement of a tax. The

case was submitted to the Superior Court, and, after judgment for the respondent, to this court on appeal, upon agreed facts, in substance as follows.

On June 4, 1890, the petitioners, as such administrators, filed with the assessors of the respondent city a list of the property of their intestate, containing the item, " $34,000 Boston Water Power Company Bonds," valued at $32,300, which were returned under protest, on the ground that they were not taxable. The assessors for the financial year beginning May 1, 1890, assessed a tax to the petitioners, including a tax of $429.59 on the bonds above named. On October 1, 1890, the collector of the respondent city delivered to the petitioners a bill for the tax, and demanded payment thereof; and on November 7, 1890, the petitioners filed a petition for an abatement of the tax with the assessors, who, after a hearing, made an order refusing such abatement, from which order the petitioners appealed to the Superior Court.

The petitioners, on January 31, 1891, paid the amount of the tax, with interest thereon, under a protest in writing.

The Boston Water Power Company was the owner in fee of certain lands in Boston, and on June 1, 1874, duly executed and delivered an instrument in writing to Dwight Foster and others, trustees. The instrument is the same as that set forth in the case of *Foster* v. *Boston*, 133 Mass. 143, and in the case of *Shepard* v. *Richardson*, 145 Mass. 32.

The bonds described in the instrument were delivered by the corporation to the trustees, and by them sold and delivered to sundry persons, in conformity with the trust, and the bonds owned by the petitioners' intestate, and specified in the list above mentioned, were a portion of said bonds, and came to the intestate through the persons to whom they were delivered by the corporation.

On or about January 22, 1880, default was made in the payment of interest on the bonds by the company; and on or about November 9, 1882, the trustees or their successors entered into and took possession of the land described in the instrument by reason of such default, and for the purposes declared in the instrument. In the years 1883, 1884, and 1885, the assessors of the respondent city assessed to the trustees or their successors, as mortagees in possession, the lands specified in the instrument

remaining unsold ; in the years 1886 to 1890 inclusive, the as-
sessors assessed the lands to the trustees or their successors as
owners, and the lands were assessed in the year 1890 as of a
value equal to the value of the bonds then outstanding.

The case was argued at the bar in March, 1893, and after-
wards was submitted on the briefs to all the judges.

*G. A. Blaney*, for the petitioners.

*A. J. Bailey*, for the respondent.

HOLMES, J.   By Pub. Sts. c. 11, § 4, " Any loan on mortgage
of real estate, taxable as real estate " is not included among
debts taxable as personal property.   A majority of the court
are of opinion that the bonds in question represent a loan on
mortgage of real estate in Massachusetts, and that they are
within the exception created by the foregoing words.   The loan
must be upon a mortgage which is taxable as real estate.   This
refers to §§ 14–16 of the same chapter, which, with the above
mentioned exception in § 4, represents St. 1881, c. 304, " An
act relieving property from double taxation in certain cases."
By § 14, " When any person has an interest in taxable real es-
tate as holder of a duly recorded mortgage, . . . the amount of
his interest as mortgagee shall be assessed as real estate," etc.
This seems to us to apply to the present case.   It is true that
the mortgage and the bonds are in different hands, the mortgage
being held by a trustee.   But this cannot be material.   If it
were, then in the case of an ordinary mortgage, if the mortgagee
sold the note and did not assign the mortgage the note would
become taxable in the hands of the purchaser.   The double tax-
ation which the act was passed to avoid is the same whether a
trust intervenes or not, and we can see no legislative ground for
a distinction.   The act has no words which require the creditor
to hold the mortgage in person.   It only requires that the mort-
gage should be taxable as real estate.   When a mortgage is
made to a trustee for bondholders the mortgage interest is tax-
able to the trustee who represents them, as it would have been
to the bondholders themselves if the mortgage had been made to
them directly.   In the present instance the trustees have paid
the tax on the whole value of the land, which is equal to the
amount of the bonds outstanding.   The tax on the bonds must
be abated.                              *Judgment for petitioners.*

MORTON, J.   I regret that I am unable to agree with the majority of the court.   As the case is of some importance, I deem it advisable to state the reasons for my dissent.

It is the general policy of the law that all the property of the inhabitants of a State shall be taxed.   Exemptions are therefore construed strictly, and are not to be enlarged by construction. If a party claims that certain property is exempt, the burden is on him to show clearly that it comes within some exception. *Redemptorist Fathers* v. *Boston*, 129 Mass. 180.   *Appeal Tax Court* v. *Rice*, 50 Md. 302.   Cooley on Taxation, (2d ed.) 208.

It is provided in Pub. Sts. c. 11, § 4, that "personal estate shall, for the purposes of taxation, include goods, chattels, money, and effects, wherever they are, . . . money at interest, and other debts due the persons to be taxed more than they are indebted or pay interest for, but not including in such debts due any loan on mortgage of real estate, taxable as real estate, except the excess of such loan above the assessed value of the mortgaged real estate."   The words " or indebtedness " have been substituted for the word " due " preceding the words " any loan on mortgage " but without affecting the meaning.   St. 1882, c. 76.

The petitioners contend that the bonds for which they have been taxed are loans on mortgage of real estate taxable as real estate, and come within the above exemption.   The subject of the exemption is mortgages where the mortgage is taxable as real estate.   The language of the exemption does not describe what mortgages are taxable as real estate.   To ascertain that, resort must be had to §§ 14 and 15 of the same chapter.   Section 14 provides that " when any person has an interest in taxable real estate as holder of a duly recorded mortgage given to secure the payment of money, the amount of which is fixed and certain, the amount of his interest as mortgagee shall be assessed as real estate in the place where the land lies ; and the mortgagor shall be assessed only for the value of said real estate after deducting the assessed value of all such mortgagee's interests therein."   Section 15 provides that, " if any holder of such a mortgage fails to file in the assessors' office a statement under oath of all his estate liable to taxation under the preceding section, including a statement of the full amount remaining unpaid upon such mortgage and of his interest therein, the amount stated in the mortgage shall be

conclusive as to the extent of such interest." From these sec-
tions it appears that it is only when a person has an interest
in taxable real estate, as the holder of a duly recorded mortgage
thereon, that his interest as mortgagor is taxable to him as real
estate, and that he can be required to file a statement of such
estate liable to taxation, and of the amount remaining due on
the mortgage and of his interest therein. It must follow that
if a person is not the holder of such a mortgage, and has no
interest as mortgagee which is taxable to him as real estate, he
is not entitled to exemption from taxation for debts due him,
even though in some manner their payment is secured by a
mortgage.

The petitioners are not the holders of a duly recorded mort-
gage. They hold bonds secured by a mortgage made by the
Water Power Company to trustees. They cannot release, as-
sign, or foreclose the mortgage, nor do any of the other things
that mortgagees may do. They are bondholders, and not mort-
gagees. The bonds do not constitute a loan on mortgage by the
petitioners in the ordinary acceptation of those words. If the
petitioners are mortgagees or holders of a mortgage, then they
should have filed in the assessors' office the statement required
under § 15. They have not done so. Are they by reason of that
failure to be assessed for the bonds which they hold as "the
amount stated in the mortgage," or for all the bonds secured by
the mortgage? If the former, then the assessment was right. If
the latter, then each delinquent bondholder would be liable to
assessment for all the bonds, which manifestly would be unjust
and could not have been intended, and would tend to show that
the petitioners should not be regarded as mortgagees.

It is said that the trustees are taxable for the mortgage interest;
that they have been assessed for the whole value of the land, which
is equal to the outstanding bonds; that it is within their power to
make to the assessors the statement required; and that to assess
them and the bondholders would lead to the double taxation
which it is the object of the statute to avoid. It is to be observed
that the trustees have been assessed for the land as owners, and
not as mortgagees. The trustees are not taxable under the stat-
ute unless they come within its provisions. The subject out of
which the exemption is carved is "debts due the persons to be

taxed more than they are indebted or pay interest for, but not including in such debts due any loan on mortgage of real estate taxable as real estate." There are no debts due the trustees as such. The bonds are not debts due them, nor do they constitute a loan on mortgage by them. How then can they be assessed for the mortgage as real estate? If they have made no loan on a mortgage of this real estate, on what ground can an exemption of these bonds be worked out through them? If the Legislature had intended that the statute should apply to mortgages like this, it would have said so plainly. In the absence of anything indicating such an intention, the language used should not be extended so as to include them. The exemption relates to the ordinary case of a person holding a mortgage upon taxable real estate belonging to another person, and provides that he shall be assessed for the mortgage as real estate, and that the mortgagor shall be assessed for the balance. It has been held that mortgages used by building associations were not included in a statute exempting mortgages and mortgage debts from taxation. *Appeal Tax Court* v. *Rice*, 50 Md. 302. The Legislature has not undertaken to provide for all cases of double taxation, but only for those coming strictly within the provisions of the statute. What the effect in the case of an ordinary mortgage would be of selling the note to one party and the mortgage to another, we need not consider. The fact that the land has been valued at an amount equal to the outstanding bonds, and has been assessed to the trustees, who have paid the tax, is immaterial. If the company had issued the same amount of bonds unsecured by mortgage, it would have been taxable for the land, and the holders of the bonds would have been rightly taxable for them.

I think that the judgment of the Superior Court should be affirmed.

The Chief Justice and Mr. Justice Allen concur in this opinion.