GEORGE C. CORCORAN *vs.* CITY OF BOSTON.

Suffolk.     November 19, 1903. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Tax,* Exemption.     *Commonwealth.     Vendor and Purchaser.*

Under R. L. c. 12, § 5, cl. 2, land of the Commonwealth, for which the Commonwealth has given a bond for a deed, in possession of the obligee who will become entitled to a deed on payment of the purchase money and who has erected buildings upon the land and is carrying on business there, is exempt from taxation.

MORTON, J.     This is a petition under R. L. c. 12, § 78, for the abatement of a tax assessed to the petitioner as of May 1, 1902, by the assessors of Boston, for a parcel of land in South Boston for which the petitioner had a bond for a deed from the Commonwealth,* and on which prior to May 1, 1902, he had erected buildings and was carrying on business as a box manufacturer.

---

* The bond was executed in behalf of the Commonwealth by the harbor and land commissioners, and bound the Commonwealth to convey the land to the petitioner on his payment of the purchase money in accordance with its terms.

The petitioner paid the tax under protest. The case was heard by a judge of the Superior Court upon agreed facts with power to draw inferences, it being agreed that if the petitioner was not liable to be taxed for the land, judgment should be entered for him for the amount of the tax with interest. The judge found and ordered judgment for the petitioner; and the case is here on exceptions by the respondent to the refusal of the judge to give certain rulings that were requested and to the rulings and findings that were made.

We think that the rulings and the refusals to rule were right.

The statute expressely provides that " The property of the Commonwealth, except real estate of which the Commonwealth is in possession under a mortgage for condition broken " shall be exempt from taxation. R. L. c. 12, § 5, cl. 2. The language could not be plainer. The words " the property of the Commonwealth " mean the same as " all the property of the Commonwealth." And the fact that only one exception is made shows that no other exception could have been intended, and that a construction such as contended for by the respondent, namely, that the exemption extends only to property held by the Commonwealth for governmental purposes would be unwarranted. The property that was taxed is the property of the Commonwealth, notwithstanding the Commonwealth has contracted to sell it to the petitioner, and the petitioner is in possession, and the exemption attaches to it so long as it continues to be the property of the Commonwealth. The question now presented does not appear to have been passed upon in this State, but the plain implication of the language of the court in *Essex County* v. *Salem*, 153 Mass. 141, is that if there had been an exemption from taxation in the case of counties like that in the case of the property of the Commonwealth it would have been held that the property of the county was exempt from taxation whether actually devoted to public uses or not. The judge has found that the tax assessed to the petitioner was for the land-described in the bond, and for the reasons given we are of opinion that the tax could not be legally assessed to him.

*Judgment affirmed.*

*S. M. Child,* for the respondent.
*C. E. Hellier,* for the petitioner.