*J. P. Dexter,* for the defendant Hood.

*H. E. Cottle,* for the plaintiffs.

---

ETHAN BROOKS *vs.* INHABITANTS OF WEST SPRINGFIELD.

Hampden.    October 3, 1906. — November 26, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Agreed statement of facts.    *Tax.    Mortgage.*

No inferences can be drawn from an agreed statement of facts unless the power to do so is given by the agreement.

The provisions of R. L. c. 12, §§ 16, 18, in regard to separate taxation of the interests of mortgagors and mortgagees in real estate do not apply to a mortgage made by a corporation organized under the laws of another State, which includes besides real estate in this Commonwealth real estate in other States and also the machinery, equipment, patents, trademark and franchises of the corporation.

APPEAL under R. L. c. 12, § 78, from the refusal of the assessors of the town of West Springfield to abate a tax assessed

---

to the petitioner upon a bond of the American Writing Paper Company, a corporation organized under the laws of the State of New Jersey, filed in the Superior Court on December 4, 1905.

In the Superior Court the case was submitted to *Hitchcock,* J. upon the following agreed statement of facts :

The petitioner is a resident of West Springfield.   He brought to the assessors of that town a tax list, as alleged in the petition. Thereupon the assessors assessed a tax upon his property, as alleged, which included a bond of the American Writing Paper Company, a corporation organized under the laws of the State of New Jersey, of the denomination of $1,000.   Being aggrieved by the tax assessed on this bond, the petitioner within six months after the date of his tax bill applied to the assessors for an abatement of the tax, which the assessors refused to grant, and, within ten days after their decision, the assessors gave a written notice thereof to the petitioner on October 18, 1905.   The bond was one of an issue of seventeen millions, each of the denomination of $1,000.   The issue of seventeen millions was secured by a first mortgage on all of the real estate of the American Writing Paper Company in the States of Massachusetts, Connecticut, Wisconsin, Ohio and Michigan.   The value on the first day of May, 1905, of all the real estate so mortgaged to secure these bonds was $16,604,534.03.   Of this real estate seventy-nine and ninety-eight one hundredths per cent was in the Commonwealth of Massachusetts; seven and fifty-three one hundredths per cent was in the State of Connecticut; six and forty one hundredths per cent was in the State of Wisconsin; five and six one hundredths per cent was in the State of Ohio ; and one and three one hundredths per cent was in the State of Michigan.   The mortgage securing the bonds bore date July 1, 1899, and was held by the Old Colony Trust Company, a corporation established under the laws of this Commonwealth, in trust to secure the bonds, and the mortgage was duly recorded in the registry of deeds of the counties in this Commonwealth in which the real estate in this Commonwealth was situated.   On May 1, 1905, when the tax was assessed, the corporation was the owner, free from incumbrances or liability for debts of any kind except indebtedness on these bonds, of personal property of the value of $5,613,614.98 ;

which was the only personal property owned by it and which was in the States of Massachusetts, Connecticut, Wisconsin, Ohio and Michigan.

By the copy of the mortgage, which was incorporated by reference in the agreed statement of facts, it appeared that the corporation conveyed by the mortgage "all its real estate, buildings and machinery, equipment, patents and trade-marks, including all now owned and all hereafter acquired and wherever situate, together with all its franchises and all the rights, easements and privileges thereto appertaining, and with full power on the part of the Trustee (so far as it lawfully may) to succeed to and enjoy all the said rights, privileges, immunities and franchises, corporate and otherwise, of said Company."

The judge ruled *pro forma* that the petitioner was not entitled to an abatement, and found for the respondent. At the request of both parties he reported the case for determination by this court, such judgment to be entered as law and justice might require.

*C. L. Long,* for the petitioner.

*J. B. Carroll & W. H. McClintock,* for the respondent.

BRALEY, J. The mortgagor covenanted to pay all taxes that might be assessed, and the burden of proving that under R. L. c. 12, §§ 16, 17 and 18 the mortgagee's interest should have been separately taxed was on the petitioner. By § 45 of the same chapter, which re-enacted St. 1882, c. 175, § 1, unless a statement under oath is made either by a mortgagor or mortgagee of the amount of the mortgage within the time provided by § 41 for bringing in lists of taxable property the tax shall not be invalid because not separately assessed. It was pointed out in *Worcester* v. *Boston,* 179 Mass. 41, 49, which construed the original act in connection with Pub. Sts. c. 11, §§ 14, 15 and 16, now R. L. c. 12, §§ 16, 17 and 18, that these provisions were not generally regarded by assessors, and where the mortgagee has not taken possession the premises are taxed to the mortgagor, and no assessment is levied on the mortgagee's interest. These various sections when construed together mean that if separate assessments have not been made by reason of the failure of either of the parties to make such request, then the tax is properly assessed solely upon the mortgaged land. The consequent

exemption of the mortgagee from taxation for the debt would follow as in this indirect manner it already has been valued and taxed as real estate, except in those cases where the loan exceeds the assessed value of the security, when the excess becomes taxable as personal property. The present case is submitted upon agreed facts from which no inferences can be drawn, and unless it affirmatively appears that an assessment should have been laid in one or the other of these forms there is no just cause of complaint. *Olds* v. *City Trust Co.* 185 Mass. 500, 506.

The bond owned by the petitioner is one of a series issued by a foreign corporation, which to secure their payment gave a mortgage running to a domestic trustee of its real property situated in this and other States, and also of its machinery, equipment, patents, trademarks and franchises. Having been taxed for its market value, he petitioned for an abatement upon the ground that being secured by a mortgage of real estate the bonds were exempt, and that as the interest of the mortgagee was taxable, to tax them separately would be in effect the imposition of a double levy. The debt represented by the bond ordinarily would be classified and taxed as personal property at the domicil of the owner. It still remained money at interest due to the holder, and apart from our statute requiring a separate assessment of the debt as realty an abatement could not be ordered, although the land alone had been subjected to a tax for its full valuation, as the right separately to assess the debt secured, and the security to the mortgagor as owner would be unimpaired. R. L. c. 12, §§ 4, 51. It was, however, within legislative authority to provide that the interest of the mortgagee should be treated and taxed as real estate. *Worcester* v. *Boston, ubi supra. Abbott* v. *Frost,* 185 Mass. 398, 399, 400. Without reviewing previous legislation to which reference is fully made in these cases, it is provided by R. L. c. 12, § 4, cl. 2, that " any loan on mortgage of real estate, taxable as real estate," shall not be taxable as personal property, and by § 16 the interest of the mortgagee in real estate mortgaged to secure the payment of a fixed sum is to be so assessed. In theory the tax is levied on the amount of the debt outstanding, as in this way, unless the equity is valued at less than the loan, the total valuation represented by the legal and equitable estates is equalized.

The earlier statute of which this is a re-enactment was construed in *Knight* v. *Boston*, 159 Mass. 551, 553, to include negotiable bonds secured by a mortgage of real estate situated wholly in Massachusetts. Our system of taxation is purely statutory, and the conditions which underlie the exemption are plainly stated. They are, that the debt must be secured by a mortgage of realty, and that the mortgagee's interest must be taxed as real estate. *Firemen's Ins. Co.* v. *Commonwealth*, 137 Mass. 80, 81. This legislation, moreover, is limited to property within this jurisdiction, and in the construction of statutes relating to taxation, if otherwise taxable, property is not exempt unless such an intention is clearly manifested by express enactment, and an exemption is not to be created by implication. *Dwight* v. *Boston*, 12 Allen, 316, 322. *State Treasurer* v. *Auditor General*, 46 Mich. 224. *Redemptorist Fathers* v. *Boston*, 129 Mass. 178. *Corcoran* v. *Boston*, 185 Mass. 325, 326. *Henderson Bridge Co.* v. *Henderson*, 173 U. S. 592, 617. Under the conditions of the mortgage the outstanding indebtedness of itself as between the mortgagor and mortgagee is not territorially divisible, and the entire mortgaged property is held for its payment. If it had been the legislative purpose to grant an exemption of what otherwise would be personal property whenever the taxpayer owned a debt secured by a mortgage of his debtor's real property wherever situated, provided the debt was there taxable as real estate, then by appropriate enactment this would have been declared, with a provision for its valuation, or if both classes were mortgaged, then for a just apportionment between the value of the lands within and those without the Commonwealth. But instead of placing a mortgagee thus secured on an equality with a mortgagee secured by a mortgage entirely on lands situated here, provision is made in §§ 16 and 45 for a proportional valuation only where the mortgaged lands are situated in two or more cities or towns, or include two or more estates or parts of an estate. This language in terms applies to domestic real estate, and does not include a debt secured in whole or in part on outside lands, the taxation of which is governed solely by foreign laws. *Dwight* v. *Boston*, *ubi supra*. *Bemis* v. *Boston*, 14 Allen, 366, 368. But if, as the petitioner contends, by implication the statute could be construed to comprise foreign lands a further

expansion would have to be supplied, for the mortgage also included personal property the actual value of which is not stated. There was but one debt, represented by the outstanding bonds even if their payment was secured by a mortgage of both personal and real property. The security being mixed, while the validity of the instrument was not thereby affected, no statutory method is provided for a separation, nor is there any provision that when separated the valuation of the personal property shall be deducted, leaving the statute to apply solely to the remainder, with a corresponding assessment of an equivalent part of the debt as realty. See *Harriman* v. *Woburn Electric Light Co.* 163 Mass. 85, 87. By St. 1903, c. 437, § 71, the real estate, machinery and merchandise of a foreign corporation are to be taxed in the town or city where they are situated, according to the provisions of R. L. c. 12. Under § 26 of this chapter, the mortgagor being in possession, the trustee could not lawfully be assessed for the interest of the bondholders in the mortgaged machinery and equipment which were taxable here as personal property in so far as they had not been annexed to and become a part of the real estate. *Troy Cotton & Woolen Manufactory* v. *Fall River*, 167 Mass. 517, 522, 523. And while there may be no sound fiscal reason for not including mortgages of personal property, the statute expressly refers only to realty, to which of necessity it must be confined. No plan of raising the public revenue probably can be devised which will so apportion the amount to be levied as to impose this burden with entire equality, and unless expressly relieved therefrom it is the purpose of the taxing power that all tangible property shall be subject to assessment for the purpose of defraying State or municipal expenditures, and the bond owned by the petitioner not being within any statutory exemption was properly taxable by the respondent for its market value. R. L. c. 12, § 2. *Gray* v. *Boston*, 15 Pick. 376, 382. *Hunt* v. *Perry*, 165 Mass. 287, 290. *Frothingham* v. *Shaw*, 175 Mass. 59, 61. *People* v. *McCreery*, 34 Cal. 432. *Toll Bridge Co.* v. *Osborn*, 35 Conn. 7. *Dyer* v. *Osborne*, 11 R. I. 321. *National Bank of Commerce* v. *New Bedford*, 153 Mass. 313, 315. *East Tennessee Land Co.* v. *Leeson*, 183 Mass. 37, 40.

*Judgment affirmed.*