FRANK J. FAULKNER & another, executors,
*vs.* TAX COMMISSIONER.

Essex. November 8, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax*, On income. *Statute*, Construction. *Words*, "Since deceased."

St. 1916, c. 269, imposing a tax upon the income received from certain forms of intangible property and from trades and professions, which provides in § 1, that "There shall be levied in the year nineteen hundred and seventeen, and in each year thereafter, a tax upon incomes as hereinafter set forth," and in § 8 provides, that "The income received by persons since deceased shall be taxed to their estates," does not apply to the income received before his death by a testator who died in the year 1916 nor to the income received by the executors of his will from his estate from the time of his death to the end of the year 1916.

Where a statute imposing taxation is not declared to be retroactive, it cannot be extended by implication to make it so.

PETITION, under St. 1916, c. 269, § 20, filed in the Superior Court on September 28, 1917, by the executors of the will of Joseph Faulkner, late of Hamilton, who died on November 29, 1916, appealing from the refusal of the Tax Commissioner to abate an income tax upon income received during the period from January 1, 1916, to November 29, 1916, by the petitioners' testator before his death and income received by the petitioners as such

executors during the period from November 30, 1916, to December 31, 1916.

The case was submitted upon an agreed statement of facts to *Hitchcock,* J., who by agreement of the parties reported it without decision under the provisions of St. 1917, c. 345, for determination by this court.

St. 1916, c. 269, is entitled, "An Act to impose a tax upon the income received from certain forms of intangible property and from trades and professions."

Section 1 of that statute is as follows: "There shall be levied in the year nineteen hundred and seventeen, and in each year thereafter, a tax upon incomes as hereinafter set forth."

Section 8 of the same statute begins as follows: "The income received by persons since deceased shall be taxed to their estates."

*G. Newhall,* for the petitioners.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

BRALEY, J.   The petitioners, who are the executors of the will of Joseph Faulkner, filed with the respondent a return of income for the period from January 1, 1916, to November 29, 1916, the date of the death of the testator, and also a further return for the period from November 30, 1916, to December 31, 1916.   But each return was accompanied by a protest in writing that they were not required to make a return or to pay an income tax. The respondent nevertheless levied the assessments, the amount of which if the income is taxable is not in dispute, and, an application for abatement having been denied, the taxes were paid under protest, and the petitioners appealed as provided in St. 1916, c. 269, § 20.

The testator having been domiciled in this Commonwealth, the validity of the tax depends upon the construction to be given to St. 1916, c. 269, § 8, the material portion of which reads, "The income received by persons since deceased shall be taxed to their estates."   By § 1, a tax "upon incomes" is to be levied "in the year nineteen hundred and seventeen, and in each year thereafter." The tax year therefore began to run from January 1, 1917, and the words "since deceased" refer only to the estates of those who died after the commencement of its operation.   *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 522, and authorities there collated.   While § 2 provides, that "Income of the follow-

ing classes received by any inhabitant of this Commonwealth during the calendar year prior to the assessment of the tax shall be taxed at the rate of six per cent per annum," the statute is not declared to be retroactive as to the estates of deceased persons; nor can it be extended by implication. *Martin L. Hall Co.* v. *Commonwealth,* 215 Mass. 326, 329. *Brooks* v. *West Springfield,* 193 Mass. 190, 194. As the testator died in the preceding year the taxes were unlawfully imposed and must be repaid to the petitioners "by the treasurer and receiver general, with interest at the rate of six per cent per annum from the time when the tax was paid, and costs." St. 1916, c. 269, § 20.

*So ordered.*