UNITED STATES TRUST COMPANY *vs.* COMMONWEALTH.
EXCHANGE TRUST COMPANY *vs.* SAME.

Suffolk.   November 21, 1922. — May 23, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, & CARROLL, JJ.

*Taxation,* Excise on corporate franchise.   *Trust Company.*

An investment by a trust company of funds, either of its commercial department or of a savings department maintained by it, in a note payable to it, collaterally secured by a note which is payable to a third person and which is secured by a mortgage of real estate taxable in this Commonwealth, if such note of the third person is indorsed to the trust company and the mortgage securing it is assigned to the trust company and such assignment is duly recorded in the appropriate registry of deeds, is not personal property under G. L. c. 59, § 4, cl. 2, but is real estate under G. L. c. 59, § 12, and, in estimating the fair cash value of all the shares constituting the capital stock of the trust company for the purpose of levying the excise tax upon the franchise of the trust company, such a mortgage, to the extent of the loan which it secures collaterally, must be deducted under G. L. c. 63, § 55, cl. 5, as "real estate . . . subject to local taxation," in estimating the fair cash value of all the shares constituting the capital stock of the trust company.

Two PETITIONS, filed in the Supreme Judicial Court, respectively on May 4, 1921, and on June 11, 1921, under G. L. c. 63, § 77, each for the recovery of a part of an excise tax alleged to have been exacted upon the petitioners illegally.

The facts in each case were agreed to. Material facts are described in the opinion. The two cases were reserved by *Crosby, J.,* for determination by the full court.

*A. E. Pillsbury,* (*G. M. Palmer* with him,) for the plaintiff in the first case.

*J. E. Perry*, for the plaintiff in the second case.

*J. W. Allen*, Attorney General, & *E. H. Abbot, Jr.*, Assistant Attorney General, for the Commonwealth.

RUGG, C.J. These are petitions by trust companies organized under the laws of this Commonwealth seeking to recover a part of an excise tax alleged by each petitioner to have been exacted of it illegally.

The United States Trust Company had invested a part of its assets in notes payable to it, secured as collateral by notes payable to other persons, indorsed by the payees to the trust company, the latter notes being secured by mortgages of real estate taxable in this Commonwealth, assigned to the trust company by assignments duly recorded in the proper registry of deeds. It is provided by G. L. c. 63, § 55, cl. 5, that, in estimating the fair cash value of all the shares constituting its capital stock for the purpose of levying the excise tax upon the franchise of a trust company, there shall be deducted the value of its " real estate . . . subject to local taxation wherever situated." The precise question to be decided on this petition is whether an investment in a note payable to the trust company, secured by a mortgage note payable to a third person but indorsed to the trust company as collateral, the latter note being secured by a mortgage of real estate taxed locally and assigned to the trust company, is its " real estate " within the meaning of this clause of the statute and hence to be deducted before the excise is assessed.

The Exchange Trust Company had invested a part of its savings department deposits in notes payable to itself, secured by real estate notes with their accompanying mortgages on real estate taxable in this Commonwealth, as collateral, in exactly the same way as just stated as to investments of the United States Trust Company. By G. L. c. 63, § 12(b), a trust company is exempt from taxation on so much of its savings department deposits as are invested in " Loans secured by mortgage of real estate taxable in this Commonwealth." The question on this petition is whether a loan made from its savings department deposits on a note payable to the trust company, having as collateral security a mort-

gage note payable to a third person but indorsed to the trust company, secured by an accompanying mortgage of real estate taxable in this Commonwealth, duly assigned to the trust company, is exempt from taxation under the statute just quoted.

For convenience these securities are termed collateral mortgages as distinguished from mortgages running directly to the trust companies as mortgagee.   Reference is made to the statutes as found in the General Laws, rather than to the earlier provisions because there is no material difference.

It is not disputed that investments on notes payable to the trust companies, secured by real estate mortgages of the classes described in the statutes, running directly to the trust company as mortgagee, are to be so deducted or exempted as the case may be.   That is settled by *Firemen's Fire Ins. Co.* v. *Commonwealth,* 137 Mass. 80.   This controversy relates wholly to the collateral mortgages.

It was decided in *Firemen's Fire Ins. Co.* v. *Commonwealth,* 137 Mass. 80, that, under earlier statutes differing in no material respect from those governing the cases at bar, in calculating the excise tax of a corporation (classified for taxation purposes as are trust companies), the value of mortgages, running directly to the corporation, on real estate taxable locally should first be deducted from the value of its shares. That conclusion was deduced, both from interpretation of the words of the statutes considered as a body of laws enacted at the same time, and from an historical examination of the development of the law as to taxation of real estate mortgages.   In *Knight* v. *Boston,* 159 Mass. 551, it was held that bonds of a corporation secured by a mortgage on real estate taxable within the Commonwealth running to a trustee were not taxable to the holders of the bonds, the fact that the mortgage and the bonds were held by different persons being said to be immaterial.   These two decisions, as matter of exact authority, do not quite reach to the facts of the cases at bar.   In neither of them was the mortgage held by the taxpayer as collateral security for a main loan.

The design of the General Court in enacting these statutes

was to prevent that which in substance and effect was double taxation upon land.  The initial enactment, St. 1881, c. 304, was entitled " An Act relieving property from double taxation in certain cases."  The theory upon which the deduction and the exemption rest is that the real estate, so mortgaged, has already once been taxed at its full value and that it would be double taxation of the same property to collect a tax on the full value from the owner and then collect another tax of the mortgagee on his interest in the same land.  Tax laws ordinarily are to be interpreted so that double taxation in the same jurisdiction may not result. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181, 186. *A. J. Tower Co.* v. *Commonwealth,* 223 Mass. 371, 376. *Perkins* v. *Westwood,* 226 Mass. 268, 274.

A mortgage on real estate has the inherent characteristics of real estate.  It was defined by Chief Justice Shaw in *Bayley* v. *Bailey,* 5 Gray, 505, 509, as " a conveyance of real estate, or of some interest therein, defeasible upon the payment of money, or the performance of some other condition." *Cutter* v. *Davenport,* 1 Pick. 81.  *Hutchins* v. *State Bank,* 12 Met. 421, 424.  In many aspects " the debt is the principal and the mortgage an incident." *Morris* v. *Bacon,* 123 Mass. 58, 59.  *Commonwealth* v. *Globe Investment Co.* 168 Mass. 80.  For general purposes the interest of the mortgagee may be treated as personal property and may be pledged. *Kinney* v. *Treasurer & Receiver General,* 207 Mass. 368, 370.  *Watson* v. *Wyman,* 161 Mass. 96.  *Strong* v. *Jackson,* 123 Mass. 60.  See G. L. c. 206, § 9.  Nevertheless, for many years our statutes have treated the interest of the mortgagee as real estate for property and inheritance taxation.  In this aspect the mortgagee is regarded as holding the legal title to the land and not a mere lien for security.  G. L. c. 59, § 4, cl. 2; §§ 11 to 14.  *Sullivan* v. *Boston,* 198 Mass. 119, 124.  *Hawkridge* v. *Treasurer & Receiver General,* 223 Mass. 134.

An assignee of a mortgage, when also the holder and indorsee of the note thereby secured, becomes possessed of all the rights, interests and benefits, which the original mortgagee had, both as to the aspects in which it may be

treated as personal property and those in which it is real estate. *Hawes* v. *Howland*, 136 Mass. 267, 269. *Barnes* v. *Boardman*, 149 Mass. 106, 115. *Hawks* v. *Davis*, 185 Mass. 119. *Miller & Sons, Ltd.* v. *Blinn*, 219 Mass. 266, 270. The assignee of a mortgage by duly recorded assignment, who is also indorsee of the note secured thereby, holding them as collateral, has the same rights, interests and benefits as the original mortgagee as to all persons other than his assignor and pledgor. He is the holder of the record title. He may foreclose the mortgage and convey to the purchaser title to the land. He is the owner so far as concerns the maker of the note. He is the owner of it as to everybody except his assignor and pledgor. *Holmes* v. *Turners Falls Co.* 150 Mass. 535, 550. *Jennings* v. *Wyzanski*, 188 Mass. 285. *Union Trust Co.* v. *Hasseltine*, 200 Mass. 414. *Cutler* v. *Haven*, 8 Pick. 490. *Mulcahy* v. *Fenwick*, 161 Mass. 164. *Holbrook* v. *Brown*, 214 Mass. 542, 544. The rights and obligations existing between the original mortgagee as assignor and the trust company as assignee, as to collection of interest and accounting, do not affect the rights and obligations of the holder of the legal title of the mortgage to the taxing power.

The statutes as to savings banks and the savings departments of trust companies authorize loans directly secured by mortgages on real estate taxable in this Commonwealth, G. L. c. 168, § 54, cl. 1, and loans upon notes of responsible borrowers secured by " pledge as collateral of — (1) One or more first mortgages of real estate situated in this Commonwealth." G. L. c. 168, § 54, cl. 9 (e). Direct and collateral mortgages thus are established as proper investments. The exempting clause makes no distinction between these two classes of loans. Each class equally is " secured by mortgage of real estate taxable in this Commonwealth." Each class equally comes within the terms of the exemption. It would have been simple for the Legislature, if there had been an intention to distinguish between direct and collateral mortgages in matter of taxation, to express that purpose in plain words. The failure to make any distinction between them in the taxation section, while discriminating clearly

between them in the investment section, as to savings deposits, tends to show that they are to be grouped in the taxation section and that there they both stand on the same footing. It hardly can be thought that the same principle does not apply to the investments of the commercial department of a trust company. The circumstance, whether the collateral mortgage is an investment of the savings department or of the commercial department, cannot be treated as making a distinction for purposes of taxation in the absence of words plainly expressive of that purpose. It is clear that these loans are made collaterally but none the less firmly for all practical purposes upon mortgages on real estate and not solely upon the collateral notes. The trust companies are the owners by assignment of the mortgages. It cannot be doubted that the mortgages constitute a chief part of the actual security for the loans. They are a substantial guaranty and an important assurance for the payment of the loans according to their terms. Great care is required by the statute as to the amount which can be loaned by the savings department of trust companies upon such collateral security.

The unbroken practice of the tax department of the Commonwealth for many years has been until recently in accord with this interpretation of the statutes. *Burrage v. County of Bristol,* 210 Mass. 299. *Tyler v. Treasurer & Receiver General,* 226 Mass. 306, 310.

The questions presented are not free from difficulty and have been ably argued in behalf of the Commonwealth. Our conclusion is that loans on mortgages of " real estate, taxable as real estate," are for purposes of taxation taken out of the class of personal property by G. L. c. 59, § 4, cl. 2, and made real estate by G. L. c. 59, § 12. Such mortgages to the extent of the loans of the trust company which they secure collaterally must be deducted as real estate under G. L. c. 63, § 55, cl. 5, and treated as loans secured by mortgage of real estate under § 12 (b) of the same chapter.

It is adjudged in the petition of the United States Trust Company that the sum of $17,853.48, with interest thereon amounting to $382.08, paid on March 9, 1921, has been

illegally exacted of it and is to be repaid with interest and costs in accordance with G. L. c. 63, § 78.

It is adjudged in the petition of Exchange Trust Company that the sum of $1,095.39 paid on April 15, 1921, and the sum of $947.54 paid on May 21, 1921, have been illegally exacted of it and are to be repaid with interest and costs in accordance with G. L. c. 63, § 78.

*So ordered.*