LEE HIGGINSON SAFE DEPOSIT COMPANY *vs.*
COMMONWEALTH.

Suffolk. May 15, 1931. — September 10, 1931.

Present: CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, Corporation, Excise. *Mortgage*, Of real estate, Trust mortgage.

A safe deposit company incorporated under G. L. c. 158, which is the holder of bonds secured by a mortgage of real estate in this Commonwealth running to trustees for the bondholders, the full tax on the real estate having been assessed to and paid by the mortgagor, is not entitled, under G. L. c. 63, § 55, as amended, to deduct the value of the bonds from the market value of the shares of its corporate stock in the computation of the excise tax upon it under §§ 55-60, as amended, the company not being the holder of the mortgage nor taxable as a mortgagee and neither the mortgage nor the bonds being real estate of the company within the meaning of the statute.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 8, 1929, and described in the opinion.

By the stipulation mentioned in the opinion the parties agreed that the petition should be considered as reading:

"April 1, 1928, petitioner held and owned and duly returned as real estate to the department of corporations and taxation among its assets, loans upon duly recorded mortgages of real estate in this Commonwealth, not exempt from taxation, given to secure the payment of fixed and certain sums of money, in the form of the following bonds: . . . that said bonds were secured solely by duly recorded mortgages of real estate wholly situated in this Commonwealth, subject to taxation in this Commonwealth, running to trustees for the benefit of bondholders; that the interests of the mortgagees represented by said bonds in said real estate were in each instance less than the assessed and actual value of the mortgaged real estate; and though assessable and taxable to the mortgagees, such interests were not in fact assessed or taxed to the mortgagees as real

estate, under the provisions of G. L. c. 59, § 12, but instead the full tax on the mortgagee's interests as well as the tax on the mortgagor's interests, was assessed to and paid by the mortgagors under the provisions of G. L. c. 59, §§ 13 and 34."

The respondent demurred. The demurrer was heard by *Field*, J., and was sustained. A final decree was entered dismissing the petition. The petitioner appealed.

*F. B. Lund, Jr.*, (*H. Whitmore* with him,) for the petitioner.

*C. F. Lovejoy*, Assistant Attorney General, for the Commonwealth.

SANDERSON, J.  The petitioner, a safe deposit company incorporated under G. L. c. 158, and subject to an excise tax upon the value of its franchise under G. L. c. 63, §§ 53–60, inclusive, filed this petition under G. L. c. 63, § 77, for the abatement of a portion of its tax for the year 1928, its contention being that the value of its bonds, secured by mortgages on Massachusetts real estate, the mortgages being held by trustees for the bondholders, should have been deducted from the market value of the shares of its corporate stock in ascertaining the valuation on which the excise tax should be assessed.  The parties stipulated with the assent of the single justice that in each instance the mortgagee's interest as represented by the bonds which the mortgage secures is less than the actual and assessed value of the mortgaged real estate.  A demurrer based upon the ground that the petition did not state a cause of action was sustained and the petitioner appealed from a final decree dismissing the petition.

G. L. c. 63, § 55, as amended by St. 1926, c. 279, § 6, Fifth, provides in part that from the market value of the shares constituting the capital stock of corporations subject to a franchise tax in accordance with its provisions, a deduction shall be made of "the value as found by the commissioner of their . . . real estate . . . subject to local taxation wherever situated."  The only deductions which may be made in determining the value of the franchise of a corporation taxable under G. L. c. 63, § 58, are those for

which the statute expressly provides, see *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298; *Commonwealth* v. *New England Slate & Tile Co.* 13 Allen, 391, 393; *Manufacturers' Ins. Co.* v. *Loud,* 99 Mass. 146, 147, and the petitioner is not entitled to a deduction of the value of its bonds unless they are its "real estate" within the meaning of those words in the statute. The holder of a duly recorded mortgage given to secure a fixed and certain sum of money has an interest in real estate taxable as real estate. G. L. c. 59, § 12. By the terms of the statute if a corporation subject to a franchise tax under G. L. c. 63, § 58, holds the title to a mortgage of the kind described as security for a loan, it is entitled to a deduction from the market value of its shares of its interest as mortgagee as represented by the loan, in ascertaining the basis for the franchise tax. *Firemen's Fire Ins. Co.* v. *Commonwealth,* 137 Mass. 80. *United States Trust Co.* v. *Commonwealth,* 245 Mass. 75, 80. See *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation,* 257 Mass. 43, 49. If the interest of such corporation as mortgagee is taxable as real estate under the statute its right to have the deduction made would not be affected by the fact that the full tax, based upon the combined interests of the mortgagor and mortgagee, had been assessed to and paid by the mortgagor under G. L. c. 59, §§ 13, 14.

In the case at bar the petitioner is not the holder of any of the mortgages securing the bonds, nor is it taxable as mortgagee. Neither the mortgages nor the bonds which they secure are the petitioner's real estate within the meaning of the statute. The section of the statute providing for the deduction refers to legal ownership of real estate rather than to an equitable and nonassessable interest and does not authorize the deduction sought by the petitioner. It is not material that the bonds would not be taxable if owned by an individual (*Knight* v. *Boston,* 159 Mass. 551) or that they would be deductible under the provisions made for business corporations, G. L. c. 63, § 30, cls. 3 (b), 4 (b), or that the value of the bonds may to some extent increase the market value of the corporate shares. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298, 306. The terms of

the section of the statute upon which the decision in *Knight* v. *Boston,* 159 Mass. 551, was based (Pub. Sts. c. 11, § 4) are materially different from those of the section defining the deductions to be made in determining the valuation upon which the excise tax upon the petitioner's franchise is to be based. Compare G. L. c. 59, § 4, with G. L. c. 63, § 55, Fifth. Under the first of these provisions a loan is not assessable as personal property if secured by a mortgage taxable as real estate, while under G. L. c. 63, § 55, Fifth the deduction authorized is the value of the corporation's "real estate . . . subject to local taxation," and by the terms of G. L. c. 59, § 12, it is the holder of a mortgage whose interest as mortgagee is made assessable as real estate. *Firemen's Fire Ins. Co.* v. *Commonwealth,* 137 Mass. 80. *United States Trust Co.* v. *Commonwealth,* 245 Mass. 75, 80. The demurrer was rightly sustained.

*Decree affirmed with costs.*